**WOMMER et al. v. WOMMER, Adm'x.**

No. 11186—Opinion Filed June 12, 1923.

1. **Bills and Notes—Action on Note—Note as Evidence—Failure to Register and Pay Tax.**

Where a suit is based upon a note of over eight months duration, and there is no proof that the note has been registered and the tax paid according to the provisions of section 6, Laws of 1917, page 486, the same is not competent testimony on the trial of the case.

2. **Same—Incompetent Evidence—Demurrer.**

Where suit is based on note of over eight months duration, and there is no proof of same having been registered and the tax paid according to section 6, Laws of 1917, page 486, and same is admitted in evidence as proof of the indebtedness claimed a demurrer lies to the testimony.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Major County; Harry Randell, Judge.

Action by Edith Wommer, administratrix, against Charles Wommer and another on

note. Judgment for plaintiff, and defendants bring error. Reversed, and remanded.

Robert W. Maupin, for plaintiff in error.

Opinion by THREADGILL, C. Edith Wommer as administratrix of the estate of O. B. Burgess, deceased, brought suit against Chas. Wommer and C. W. McNown in the county court of Major county to recover on a note for $400, made and executed by the defendants to O. B. Burgess, at Seiling, Okla., dated July 2, 1917, payable one year after date. O. B. Burgess having died after the execution of the note, and Edith Wommer having been appointed administratrix of his estate, she brings the suit by filing her petition in the county court February 1, 1919, describing the note, attaching a copy of same to the petition, and basing her cause of action upon the note.

The defendants, Chas. Wommer and C. W. McNown, filed their answer, setting up a general denial, and as an equitable set-off and counter-claim, a certain note made and executed by Edith Wommer and her two daughters, Dixie E. and Silvia G. Burgess, for the principal sum of $500, which note was dated March 1, 1913, at Redding, Cal., and a loan of $150 advanced to the said Edith Wommer March 24, 1919. They claimed that limitation was tolled by a letter written by Edith Wommer to Chas. Wommer in which she agreed that if she and the girls got anything out of the Burgess estate they would pay the debt of $650. The girls referred to were Dixie E. and Silvia G. Burgess.

The plaintiff interposed a demurrer to the answer, and the court sustained it as to the equitable defense, but overruled it as to the general denial. A supplemental answer was filed by the defendants, alleging the insolvency of Edith Wommer and stating that the defendant, C. W. McNown was surety on the note sued on and received no part of the proceeds of the loan, and a demurrer to this supplemental answer was sustained.

The trial was to the court upon the issues joined by the petition of the plaintiff and the general denial of the answer by the defendants; and the plaintiff in making out her case was permitted to offer the note in evidence over the objections of the defendant that the same was irrelevant, immaterial, and incompetent. At the close of the testimony on the part of the plaintiff the defendants demurred to the same as being insufficient to show any right of recovery, which demurrer was overruled by the court, and the defendants excepted. The defendants offered no testimony, and the court gave judgment against the defendants for the sum of $400, interest and attorney fees. The defendants filed their motion for new trial which was overruled, and the case is brought here on appeal.

The defendants, as plaintiffs in error, urge two reasons for reversing the judgment of the trial court:

First. Error of the court in overruling the demurrer to the evidence.

Second. Error of the court in sustaining the demurrer of the plaintiff to the defendants' equitable plea of set-off and counter-claim.

The plaintiff, being defendant in error, has made no appearance in this court, although the record shows that the plaintiffs in error's brief was duly served on her.

We have examined the record and the well prepared brief of the plaintiffs in error, and we cannot see how this judgment can be sustained. The action was based on the note. The note was dated July 2, 1917, at Seiling, Okla., and was due one year after date. At the very time the note was executed, section 6 of Session Laws of 1917, page 486, was the law of this state, and reads as follows:

"Section 6. No bond, note of over eight months duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma, provided that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provision of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915."

There is no testimony in the record showing that the note was ever registered and the tax paid according to the provisions of this statute, and this was a fact to be proved as a condition precedent to the introduction of the note, as testimony, and it was ignoring the plain provision of the statute to permit it to be introduced over the objection of the defendants, and since the note was the basis of the plaintiff's action, and not recovery for money had and received, it follows that the note was incompetent testimony, and could not be considered as a basis for judgment under the rule announced by this court in Williams v. Williams, 87 Okla. 195, 209 Pac. 769, where it was held that if the plaintiff fails to prove sufficient facts to make out the case, and on the contrary proves a state of facts that precludes

a recovery, and defendant interposes a demurrer to the testimony of the plaintiff, such demurrer should be sustained.

Since the judgment of the trial court must be reversed on the first assignment of error and new trial ordered, we do not deem it necessary to consider the second assignment.

The judgment of the county court of Major county is reversed, and the cause remanded, with instructions to grant the defendants a new trial, and take such other and further proceedings in the matter as shall accord with this opinion.

By the Court: It is so ordered.