## COCKRELL v. MARTIN.

No. 16838—Opinion Filed Nov. 23, 1926.

Rehearing Denied May 10, 1927.

(Syllabus.)

1. **Taxation—Note as Incompetent Evidence in Suit Thereon Unless Registration Tax Paid.**

Where a suit is based upon a note of over eight months' duration, and there is no proof that the note has been registered and the tax paid, according to the provisions of section 9608, C. O. S. 1921, the same is not competent testimony on the trial of the case.

2. **Appeal and Error—Demurrer to Evidence—Incompetent Evidence to be Disregarded.**

In considering defendant's demurrer to the plaintiff's evidence, the trial court should disregard exhibits which have been admitted in evidence, although specifically inadmissible under the plain provisions of the statute, and on appeal, this court, in reviewing the trial court's ruling thereon, will disregard such inadmissible exhibits.

3. **Trial—Erroneous Overruling of Defendants' Demurrer to Evidence.**

Where there is no competent evidence on an issue essential to a recovery by the plaintiff, it is error to overrule defendant's demurrer to plaintiff's evidence.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Mrs. J. H. Martin against A. M. Cockrell. Judgment for plaintiff, and defendant appeals. Reversed.

W. R. Withington, for plaintiff in error.

Twyford & Smith, for defendant in error.

MASON, J. Mrs. J. H. Martin commenced her action against Fred Beauman to recover on three promissory notes, each for $300, and each due more than eight months after date, and to foreclose a chattel mortgage executed and delivered by the latter to A. M. Cockrell. A. M. Cockrell was later made a party defendant, as indorser of the notes, and the action to foreclose the chattel mortgage was dismissed.

On the trial of the case, the notes sued on, which did not bear the indorsement of the county treasurer that the tax had been paid thereon in accordance with section 9608, C. O. S. 1921, were introduced in evidence without objection on the part of the defendant. There was no evidence on behalf of plaintiff that said tax had been paid. The court refused to permit the defendant to make inquiry on cross-examination of the plaintiff as to whether she had caused the tax to be paid on said notes as required by the provisions of section 9608, supra. At the close of the plaintiff's evidence, the defendant interposed a demurrer thereto, which was overruled. Said trial resulted in a judgment for plaintiff and against A. M. Cockrell, to reverse which he has perfected this appeal.

Section 9608, C. O. S. 1921, provides:

"Any person owning any bond note of any duration of over eight months or other choses in action evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond,

note of a duration exceeding eight months, or other choses in action, resides or he may send a description of the same to said county treasurer, and pay to the said county treasurer a tax of two per centum of the face amount thereof for five years, or, at the option of such person, for a greater or less number of years at the same rate, and the said county treasurer shall thereupon make an indorsement upon said bond, note of a duration of over eight months, or other choses in action, certifying that same is exempt from all taxation for state, county, city, town, township, school district and other municipal purposes for a period of five years, or for such longer or shorter period for which a proportionate tax has been paid, which indorsement or receipt shall be duly dated and signed in the name of the county treasurer of the county in which said property is located and where said tax is paid, and with the seal of the treasurer of said county affixed. * * *"

And section 9613 provides:

"No bond or note of over eight months' duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act, shall be admitted in evidence in any of the courts of the state of Oklahoma; provided, that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provisions of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915."

For reversal, plaintiff in error contends that the failure of the record to show that the notes sued on had been registered with the county treasurer and the tax paid, as required by the above statutes, rendered them inadmissible, and, therefore, there was no competent evidence to support a judgment for plaintiff, and defendants' demurrer to the plaintiff's evidence should have been sustained.

It is the contention of the defendant in error that Cockrell, being an indorser, should have caused the notes to be registered and the tax paid, and that he is not in position to raise this question. Ordinarily, one who indorses a note warrants to the indorsee and subsequent holders that the note is a binding and valid obligation on himself and all prior indorsers and makers. The indorsement includes a warranty that all matters have been done which the law requires in order to make the note a binding obl'gation. State Exchange Bank v. National Bank of Commerce, 70 Okla. 234, 174 Pac. 796, 2 L. R. A. 211: Hawkins v. Shields, 100 Miss. 739, 57 South. 4, 4 A. L. R. 760.

The fact that the indorsement of the notes to the plaintiff included such a warranty did not, however, relieve the plaintiff of the duty imposed by section 9613, supra, of paying said tax before they were admissible in evidence.

In Wommer et al. v. Wommer, Adm'x, 91 Okla. 79, 216 Pac. 150, this court in a case involving the act under consideration held:

"Where a suit is based on a note of over eight months' duration, and there is no proof of same having been registered and the tax paid, according to section 6, Laws of 1917, page 486, and the same is admitted in evidence as proof of the indebtedness claimed, a demurrer lies to the testimony."

After quoting the statute under consideration, the following language is used in the body of the opinion:

"There is no testimony in the record showing that the note was ever registered and the tax paid, according to the provisions of this statute, and this was a fact to be proved as a condition precedent to the introduction of the note, as testimony, and it was ignoring the plain provision of the statute to permit it to be introduced over the objection of the defendants. * * *"

It is contended, however, that the defendant in the instant case waived the defect by failure to object to the introduction of said notes. This is the general rule relative to introduction of incompetent evidence. But the statutes requiring the payment of this tax was intended primarily as a revenue act. The purpose of denying the owner the right to introduce such notes in evidence is to compel the payment of the tax. Jones v. First National Bank of Oktaha, 102 Okla. 185, 228 Pac. 992.

The defendant would have no interest, other than that as a citizen, in insisting that said tax be paid. If such defect could be waived, the parties to such a law suit, neither of whom receive any direct benefit from the payment of such tax, could by connivance or agreement deprive the state of this revenue. The state, which creates and maintains the courts, says, by plain statutory provision, that no note shall be admitted in evidence unless said tax is paid. The trial court should not have admitted said notes in evidence, and in considering the defendant's demurrer to plaintiff's evidence, said notes should not have been considered. Since said notes, which were the basis of plaintiff's action, were inadmissible, there was no competent evidence sufficient to make out plaintiff's case, and defendant's demurrer to the plaintiff's evidence should have been sustained.

Since the judgment of the trial court must be reversed on the foregoing assignment of error, we do not deem it necessary to consider the others.

The judgment of the district court of Oklahoma county is reversed. and the cause remanded, with instructions to grant a new trial.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 8 C. J. p. 1032, §1347 (Anno. (2) 4 C. J. p. 679, §2580; 38 Cyc. p. 1544. (3) 38 Cyc. p. p. 1547.