## MELLOTT v. GARDNER.

No. 20867.  Opinion Filed April 19, 1932.

Sands & Campbell, Frank T. McCoy, and John T. Craig, for plaintiff in error.

Hargis & Yarbrough, for defendant in error.

KORNEGAY, J. This suit was to recover the amount of a promissory note, a copy of which is set out in the petition, as follows:

"Pawhuska, Okla. Aug. 9, 1926.
"$7,000.00

"One year after date, for value received, we promise to pay to the order of James M. Gardner, nonnegotiable, Seven Thousand and no/100 _____Dollars.

"The Liberty National Bank of Pawhuska, Oklahoma,

"at its banking office, in Pawhuska, Okla., with interest from date at the rate of 7 per cent. per annum, interest payable semi-annually, and it is agreed that all signers and indorsers of this note, either as principals or security, waive demand, protest, notice of protest and nonpayment in case this note is not paid at maturity and agree to all extensions and partial payments before or after maturity without prejudice to holder.

"It is stipulated by parties of this note, that in the event the same is collected by an attorney or by any proceedings of law, an attorney's fee consisting of ten dollars and 10 per cent. of the amount so collected shall be paid by the makers hereof to the holder of same. All appraisement and exemption laws hereby waived.

"Due 8-9-1927

"P. O. Pawhuska, Okla.

"G. B. Mellott."

The answer in the case set up failure of consideration, misrepresentation and fraud in procuring the note on the ground that it was for another note that was alleged to have been lost, but was still outstanding, and on the further ground that there was a condition annexed to the note that should have been inserted in it, varying its due date and making it due only after some indebtedness of corporations, the sale of stock in which evidently was represented by the note, was paid off, and the claim was made that the note was prematurely sued upon.

A general denial is made for reply, and an amendment to the answer was made asking for reformation. A jury was had and parties made the opening statements, and the note was introduced, as well as practically all the evidence that was desired by the defendant below, the present plaintiff in error, to engraft on to the note a different maturity from what was expressed in it. The objection was made to the introduction of the note in general terms, as being incompetent, irrelevant, and immaterial, and throughout

the examination there were a great many objections and exceptions.

The plaintiff introduced the note and rested, and then there was a demurrer to the evidence, and it was overruled and the defendant put on his testimony, and the court instructed the jury, and the jury brought in a divided verdict for the full amount of the recovery. Nothing appears to have been mentioned or thought of, apparently, during the progress of the trial, that the note was subject to unpaid taxes.

The first point raised in the proceeding in error here is that it was wrong to let the note be introduced in evidence, on account of it not showing that the taxes had been paid, and argument is made by the other side that it was immaterial, and that it was not necessary to introduce the note. However, it was introduced, and evidently the parties carried on a battle about its terms and when it was due, resulting in a judgment in favor of the plaintiff below, defendant in error here.

Under normal conditions, we hold that a matter not raised below cannot be raised here, and that a shifting of theory is not permissible. However, by previous decisions of this court, this being a tax case, that rule has not been applied, and in the cases of Cockrell v. Martin, 124 Okla. 284, 255 P. 1101, and Wommer v. Wommer, 91 Okla. 79, 216 P. 150, can be found discussions upon the statute, sections 9608 and 9613, C. O. S. 1921, which are as follows:

"9608. Notes—Bonds—Choses in Action Taxed. Any person owning any bond, note of any duration of over eight months or other choses in action evidenced by writing located in the state of Oklahoma, may take same to the office of the county treasurer of the county in which the owner of said bond, note of a duration exceeding eight months, or other choses in action, resides, or he may send a description of the same to said county treasurer, and pay to the said county treasurer a tax of two per centum of the face amount thereof for five years, or, at the option of such person, for a greater or less number of years at the same rate, and the said county treasurer shall thereupon make an indorsement upon said bond, note of a duration of over eight months, or other choses in action, certifying that same is exempt from all taxation for state, county, city, town, township, school district, and other municipal purposes for a period of five years, or for such longer or shorter period for which a proportionate tax has been paid, which indorsement or receipt shall be duly dated and signed in the name of the county treasurer of the county in which said property is located and where said tax is paid. and with the seal of the treasurer of said county affixed. Provided.

the provisions of this act shall not apply to any property which under existing laws is not subject to taxation, and provided further, all property taxable under the provisions of this act and owned by a nonresident of the state of Oklahoma, shall be listed for taxes in the county in which such evidence of indebtedness is located; and provided, further, nothing in this act shall cause any part of the capital stock of a corporation to be exempt from taxation; and provided, further, the bonds, notes, and other choses in action, evidenced in writing held by banking corporations which pay taxes on its capital stock, surplus, and undivided profits, shall not be subject to the provisions of this act."

"9613. Not Admitted in Evidence Unless Listed. No bond or note of over eight months' duration or other choses in action, which has not been registered with the county treasurer of the county in which it is located and the tax paid in accordance with this act. shall be admitted in evidence in any of the courts of the state of Oklahoma; provided. that this act shall not apply to notes secured by real estate mortgages which have been or hereafter may be registered under the provisions of chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915."

Under the statutes cited above, and subsequent sections, the method of payment of taxes in this case is outlined.

Under the authority of those cases. this case must be reversed because of a lack of showing of tax payment. The case is accordingly reversed and remanded for a new trial.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL. JJ., concur. LESTER. C. J.. and HEFNER and ANDREWS, JJ., absent.