## GREENWOOD et al. v. PRICE et al.

No. 22618.   Dec. 12, 1933.

L. K. Pounders, for plaintiffs in error.

W. L. Cheatham, for defendants in error.

BAYLESS, J. The receiver of the First National Bank of Bristow appeals from a judgment of the superior court of Creek county, Okla., denying it a mortgage lien on certain property and granting a mortgage lien to Stone Hardware Company, an alleged junior lienholder.

The contention of the receiver in the trial court may be stated as follows: That E. D. Price executed and delivered to one Greenwood a note for $800 dated January 1, 1926, due December 1, 1926, and a quitclaim deed, carrying a proviso of defeasible title, as mortgage security for the note. Greenwood indorsed this note to the bank and delivered it to the bank with the quitclaim deed. That thereafter when payments had been made on the note by Price to the bank, Price executed a renewal note for $789.15, dated December 7, 1927, due December 1, 1928, and that Greenwood indorsed this note. That this renewal note represented the unpaid portion of the original debt and the quitclaim mortgage security was renewed and carried along with it. Judgment on this renewal note and foreclosure of this mortgage was sought.

Stone Hardware Company, a defendant, claimed a mortgage lien on the property to secure an unpaid note of Price's, held by it.

The court rendered judgment as follows: (1) For the receiver of the bank against Greenwood, the indorser, on the note (the Prices are all dead or nonresidents); (2) denying the receiver a mortgage lien on the property; and (3) for Stone Hardware Company on its note and decreeing its mortgage lien first and paramount.

There appears in the record several pages of remarks by the trial court giving his reasons for the judgment, and the weight and value accorded the various items of evidence. A certain bank record in the form of a "liability ledger sheet" was introduced in evidence to lend support to the oral testimony of other witnesses that the debt represented by the last renewal note was a portion of the original debt for which the quitclaim deed was given as security. The trial judge, without stating definitely the weight attached to these oral statements, did say that the bank record disclosed affirmatively to him that so much other and subsequent indebtedness had found its way into the total liability of Price to the bank that the true status of the unpaid portion of the original debt was uncertain and he was unable to say that any of the original debt intended to

be secured by the quitclaim deed was then in existence. We herewith set out what we consider to be the pertinent portion of said liability ledger sheet:

| Date | Number | Payments | Date Due | Notes |
|---|---|---|---|---|
| | 3381 | | 12-1-26 | $800.00 |
| | 4541 | | 11-15-26 | 50.00 |
| | 6175 | | 10-1-26 | 25.00 |
| 9-22-26 | | 25.00 | | |
| 10-18-26 | | 25.00 | | |
| 10-23-26 | | 25.00 | | |
| 10-23-26 | | 30.00 | | |
| 11-6-26 | | 50.00 | | |
| 12-3-26 | | 30.00 | | |
| 12-20-26 | 8029 | 690.00 | 2-1-27 | 705.00 |
| 1-6-27 | 8323 | 705.00 | 12-1-27 | 775.50 |
| | 9833 | | 10-1-27 | 93.00 |
| 10-12-27 | | 50.00 | | |
| 10-15-27 | | 43.00 | | |
| 10-15-27 | | 35.00 | | |
| 11-19-27 | | 30.00 | | |
| 12-7-27 | 12348 | 710.50 | 12-1-28 | 789.15 |

A consideration of this sheet shows that, other than number 3381, due December 1, 1926, only three other separate, disconnected notes enter into this matter, to wit: No. 4541 for $50; No. 6175 for $25; and No. 9833 for $93. The first two notes, totaling $75, were paid by three $25 payments made September 22, 1926, October 18, 1926, and October 23, 1926, leaving whatever balance there was on the $800 note undisturbed. The $93 note was paid by two payments of $50 on October 12, 1927, and $43 on October 15, 1927, again leaving the balance on the $800 undisturbed by any other debt or balance. Excluding these items from consideration, there is left on this sheet a clear picture of the payments on the $800 note, the renewal thereof, and the true balance due thereon. The trial court erred when it failed to find that the receiver had proved the debt then held was a portion of the original debt and to decree the receiver a mortgage lien to secure it. We must reverse the judgment of the trial court for this reason.

Stone Hardware Company has filed herein a supplemental brief calling attention to the fact that the trial court admitted in evidence the quitclaim deed, alleged to be a mortgage, when no showing had been made that the mortgage tax, provided by sections 9585-9592, C. O. S. 1921 (sections 12351-12358, O. S. 1931), had been paid. The receiver counters with the oral argument that it will be presumed that the trial court found that all necessary conditions precedent to a valid judgment had been complied with. The receiver cites and relies upon Nolan v. Schaetzel, 145 Okla. 231, 292 P. 353, which in turn relies upon Neil v. Union Nat. Bank, 72 Okla. 116, 178 P. 659.

In each of these cases advantage was

sought to be taken of the failure to show that the tax due upon instruments, foreclosed as mortgages, had been paid. In each case the appeal was by transcript, the evidence introduced before the trial court not being brought up for the consideration of this court, and this court correctly indulged in a presumption that the evidence introduced in the trial court disclosed that the tax had been paid.

We have said in Wommer v. Wommer, 91 Okla. 79, 216 P. 150, Cockrell v. Martin, 124 Okla. 284, 255 P. 1101, and Mellott v. Gardner, 156 Okla. 252, 10 P. (2d) 667, that where a note of more than eight months' duration is introduced in evidence, whether over the objections of the opposing party or not, error is committed, and such error may be called to the attention of this court for the first time on appeal. Cockrell v. Martin, supra, wherein we said:

"It is contended, however, that the defendant in the instant case waived the defect by failure to object to the introduction of said notes. This is the general rule relative to introduction of incompetent evidence. But the statutes requiring the payment of this tax was intended primarily as a revenue act. The purpose of denying the owner the right to introduce such notes in evidence is to compel the payment of the tax. Jones v. First National Bank of Oktaha, 102 Okla. 185, 228 P. 992.

"The defendant would have no interest, other than that as a citizen, in insisting that said tax be paid. If such defect could be waived, the parties to such a lawsuit, neither of whom receive any direct benefit from the payment of such tax, could by connivance or agreement deprive the state of this revenue. The state, which creates and maintains the courts, says, by plain statutory provision, that no note shall be admitted in evidence unless said tax is paid. The trial court should not have admitted said notes in evidence, and in considering the defendant's demurrer to plaintiff's evidence, said notes should not have been considered. Since said notes, which were the basis of plaintiff's action, were inadmissible, there was no competent evidence sufficient to make out plaintiff's case, and defendant's demurrer to the plaintiff's evidence should have been sustained."

Therefore, the Stone Hardware Company is within its rights in calling such matter to the court's attention for the first time on appeal.

However, this court cannot indulge in any presumptions in favor of the correctness of the judgment of the trial court in this case, or as to what the evidence introduced in the trial court disclosed, for this appeal is upon the entire record in case-made form, and the quitclaim deed, alleged to be a mortgage, was introduced in evidence and does not show upon its face that any tax was paid thereon, nor is there any other evidence in the record, and the record is certified to contain all of the evidence, that such tax was paid.

Section 12358, O. S. 1931 (sec. 9592, C. O. S. 1921), reads as follows:

"No mortgage of real property shall be recorded by any register of deeds unless there shall be paid the tax imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes imposed thereon by this article shall have been paid as provided in this article. No judgment or final order in any action or proceeding shall be made for the foreclosure or enforcement of any mortgage which is subject to the taxes imposed by this article or of any debt or obligation secured by or which secures any such mortgage unless the taxes imposed by this article shall have been paid as provided in this article."

By this section three things are forbidden to be done until the tax is paid, to wit: (1) Record; (2d) admission in evidence; and (3) judgment rendered thereon. This statute is plain, certain and unambiguous.

Section 12351, O. S. 1931 (section 9585, C. O. S. 1921), reads as follows:

"The words 'real estate mortgage,' as used in this article, shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. Any contract for the sale of real estate in which title is retained in the vendor for the purpose of enforcing payment of the balance due shall be deemed a mortgage upon real property. If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this act. Any contract or agreement by which the indebtedness secured by any mortgage is increased or added to shall be deemed a mortgage of real property for the purposes of this article and shall be taxable as such upon the amount of such increase or addition."

It is certain from the definition of the term "mortgage," as used therein, that the quitclaim deed sought to be foreclosed in this action fell within the terms of such taxing provision and it was not subject to be recorded. It is not admissible in evi-

dence in this case, and no judgment can be rendered to enforce it or any rights under it, even though its existence, terms, etc., might be proved without introducing it in evidence.

This is an equitable action, and we have heretofore indicated that the cause must be reversed because of the error of the trial court with reference to the evidence introduced. The principles of equity dictate that the receiver be not denied the relief sought merely for a failure to show the payment of the tax, for thereby the receiver would lose the benefit of his lien, and the state of Oklahoma would lose its revenue, which is the primary purpose of the act. We are therefore reversing the judgment of the trial court and remanding the cause to the superior court of Creek county, Okla., for further trial in the event the receiver desires to pay the tax upon the mortgage as a condition precedent to foreclosing it, and with directions to proceed in conformity with the views expressed herein. In this connection we call attention to the opinion of this court in the case of Fitzgerald v. Brady, 166 Okla. 21, 25 P. (2d) 1090.

Reversed and remanded, with directions.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and WELCH, JJ., concur. BUSBY, J., absent.