## THOMAS v. GENERAL MOTORS ACCEPT. CORP.

No. 25388.    April 7, 1936.

Robert W. Kellough, for plaintiff in error.

Mills & Cohen, for defendant in error.

BAYLESS, J.   The plaintiff in error, G. C. Thomas, was plaintiff in an action in the district court of Tulsa county, Okla., wherein defendant in error, General Motors Acceptance Corporation, a corporation, was defendant and cross-petitioner. The parties will be referred to herein as they appeared in the trial court.

The history of this action is long and rather complicated, and the contentions numerous. In order to understand these contentions it is necessary to set out at length, in a summarized fashion, this history.

About January 26, 1931, plaintiff made a deal with Roberts Chevrolet Company, Sand Springs, Okla., (alleged to be an agent of defendant), to purchase the Chevrolet automobile, the subject-matter of this action; the written contract evidencing this deal is between plaintiff and Mid-west Chevrolet Company, Tulsa, Okla., and the court is frank to say that we cannot understand the relationship between the two Chevrolet companies from the record before us, but the parties do not make any particular contention regarding the difference, if any, between these companies, and we will deal with the record as best we can; plaintiff traded in a car on the new one for $263 according to the written contract, or $277 according to plaintiff's testimony, and according to plaintiff and defendant there was a balance due on $608, which plaintiff was to pay in 16 months at the rate of

$38 per month; at the same time plaintiff left with Roberts Chevrolet Company another car, given to him by his son, upon which there was a balance owing to defendant of $364, none of which was delinquent according to plaintiff, but $84 of which was delinquent according to defendant; a memorandum receipt for this car was given plaintiff, and it reads: "1930 sport sedan to be held and held for $464 or until such time as G. M. A. C. or Mr. Thomas may see fit, or G. M. A. C. may take same, and we do not assume any liability on sedan"; Roberts Chevrolet Company constructively turned this car to G. M. A. C., upon its demand for repossession, and paid G. M. A. C. the balance due on it, retained possession and sold it to another party; plaintiff claims that the agreement was the car should be sold for $464, the $364 paid to G. M. A. C. and the $100 difference, or more if the car brought more than $464, was to be credited upon the purchase price of the car in litigation, whereas defendant denies this, and alleges it repossessed the car under its lien claim, received what money was due it from Roberts Chevrolet Company, and nothing was due plaintiff thereon; plaintiff made ten payments of $38 each, and fell into arrears; he then executed a new contract with defendant, for which defendant made a renewal charge of $12, by which he was to pay the agreed balance of $228 at the rate of $25 per month; plaintiff made three such payments, and fell into arrears on this contract; he then executed a new contract with defendant, for which defendant made a renewal charge of $13.65, by which he was to pay the agreed balance of $166.65 at the rate of $14 per month; plaintiff made four such payments, and fell into arrears on this contract; defendant thereupon instituted an action in a justice of the peace court, replevined the car, took judgment for the possession thereof from plaintiff by default, and posted notices of intention to sell said automobile; plaintiff thereupon filed an action in the district court aforesaid for the purpose of requiring defendant to foreclose its contract upon this car as a chattel mortgage and in said court and action; defendant appeared, without being served with summons, and filed an answer and cross-petition; and at the conclusion of the trial received judgment against plaintiff for the balance due, $110, and the foreclosure of its lien.

A review of the pleadings will be of assistance in trying to decide what the issues are, and in determining these issues. Plaintiff's petition admitted the purchase of the automobile, admitted the balance of $608 due on the purchase price, but asserted this amount included $98 interest and insurance, pleaded the execution of the renewal contract and the various payments paid by him in a sum total, including the trade in price of his car, of $798, admitted a balance due on the last contract of $110.65, but alleged that this represented usurious exactions, alleged that he owed nothing on the purchase price of the car, alleged that certain illegal and wrongful steps had been taken in a justice of the peace court by which plaintiff had been deprived of the possession of his car and that steps were being taken to sell it in violation of plaintiff's rights, alleged that plaintiff owed nothing and had a legal counterclaim or set-off, alleges defendant should account to him and that he is entitled "to have said defendant's pretended conditional sales contract foreclosed in the above-entitled court, which has jurisdiction of the subject-matter involved herein." To this defendant filed a general denial.

The parties in their briefs treat this as a proceeding in the district court to require defendant to foreclose its contract, presumably as a chattel mortgage, under section 11272, O. S. 1931. The record does not disclose that a summons was issued or served upon defendant, but it immediately answered. The record does not disclose what proceedings took place before the trial court on this issue. The parties give us to understand that the trial judge decided to require defendant to treat its contract as a chattel mortgage and to foreclose it by court action.

The plaintiff now declares that this constitutes an election of remedies, and under Galbreath v. Mayo, 70 Okla. 252, 174 P. 517, defendant elected to treat its contract as a note, and thereby vested complete title in plaintiff and waived or lost its lien. Under the petition above outlined the district court had no jurisdiction to proceed: (1) Because it appears from the face of the petition that a court of competent jurisdiction was entertaining an action in replevin and we have held that this is sufficiently flexible proceedings to enable the litigants to settle their differences (Cherry v. Sharp, 172 Okla. 241, 45 P. [2d] 70). This is, of course, subject to the monetary limitation of jurisdictions, but such does not appear in this petition. (2) No claim is made in the petition that the contract is a chattel mortgage, but it is referred to as a conditional sales contract. Section 11272, supra, relates only to chattel mortgages, and not to conditional sales contracts.

If the contract is to be treated as chattel mortgage, it is because of the action instituted by plaintiff and the court's decision. This does not constitute an election in the sense that election of remedies is regarded. The freely adopted course of action of the defendant was interfered with and defendant was brought into another court and to some extent coerced into following another course of action. See 20 C. J. 42, sec. 39, note 89, and McKenzie v. A. P. Cook Co., 113 Mich. 452, 71 N. W. 868.

The plaintiff sought the powers of a court to require defendant to treat the contract as a chattel mortgage, and apparently the court exercised such powers in plaintiff's behalf. If this was an error, and defendant thereby lost its conditional sales contract rights and did not succeed in getting in its stead a chattel mortgage because its contract was not truly capable of being such, then it is an error self-invited and sought and obtained by the plaintiff, and he is estopped to take the position toward defendant set out in his first assignment of error. Doggett v. Doggett, 85 Okla. 90, 203 P. 223. This disposes of plaintiff's first proposition.

After the pleadings heretofore outlined had been filed, the defendant filed an answer and cross-petition, to which plaintiff filed an answer, and first, second, and third amended answers. The third amended answer was the pleading upon which the plaintiff ultimately relied and tried the case.

In the answer and cross-petition the defendant pleaded and asked for relief proper under a chattel mortgage only. The third amended answer denies everything alleged by defendant, denies its right to do business in Oklahoma, pleads the transaction with Roberts Chevrolet Motor Company as agent of defendant, alleges fraud in the preparation of the various contracts held by defendant and denies their correctness as to figures, dates, etc., charges conversion of the car given to plaintiff by his son, denies indebtedness to defendant, charges it with usury, and generally and specifically alleges that defendant, General Motors Corporation, Chevrolet Motor Company, and the two local dealers were interrelated and commingled firms and the local concerns were agents for all purposes of the corporations, and specifically pleaded respondeat superior, and denies defendant is entitled to any relief, and prayed for (1) a cancellation of defendant's contracts, (2) for possession of the car, (3) for an accounting, (4) double the usury charged and attorney's fee, and (5) damages for conversion, and exemplary damages.

The parties introduced nearly 200 pages of evidence on all phases of the matter. The case was tried without a jury, and the trial court heard the parties with the utmost patience and exercised the greatest liberality in admitting evidence. At the close, judgment was rendered for defendant for money and the establishment and foreclosure of its lien, and inferentially denied plaintiff any relief.

We have disposed of plaintiff's first proposition. He grouped 25 assignments of error into nine propositions. We next consider propositions 2, 3, 4, 5, and 7, which relate respectively to conversion of plaintiff's car by defendant, usury, fraud by defendant in the preparation of the contracts, agency between defendant and the local dealers, and the corporate existence of defendant. These were issues of fact, upon which there was conflicting evidence, and the trial court's judgment on each issue is supported by some reasonable evidence and will not be disturbed. Briggs v. Wright, 162 Okla. 183, 18 P. (2d) 530; Foreman v. Needles, 78 Okla. 105, 188 P. 1087. As to the 7th assignment, the plaintiff pleaded both that defendant was and was not a corporation, and throughout his brief refers to defendant as a corporation, and makes other charges against it, which makes this assignment appear frivolous.

Proposition 6 raises the competency of the contract because the tax provided under section 12363, O. S. 1931, was not paid. Plaintiff made no such contention in the trial court and will not be permitted to raise it for the first time in this court. Plaintiff's objections to the admission of this contract were specific and did not include this point.

Proposition 8 relates to defendant's plea of res adjudicata based upon the judgment of replevin in the justice of the peace court. Defendant tries to raise this question in its brief. The trial court in effect gave no weight to it as a plea, and defendant did not cross-appeal if it regards this as erroneous. Discussion of it by either party is not proper.

Proposition 9 contains plaintiff's argument that the defendant's contract is contrary to public policy and by virtue thereof he has been denied his constitutional rights (art. 2, sec. 7, Const. of Okla.), because he has not had his day in court. This is utterly without merit. Plaintiff was defendant in the justice of the peace court, and was duly served, and deliberately defaulted and permitted judgment to go against him. He instituted this action and

under the record received every legal or constitutional right to which he is entitled.

Judgment affirmed.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.