## SKINNER v. BOWLAN, Adm'r.

No. 27524.   Nov. 9, 1937.

Rehearing Denied Jan. 18, 1938.

Ben F. Williams, Homer Cowan, and T. R. Benedum, for plaintiff in error.

A. H. Huggins, for defendant in error.

PHELPS, J. This was an action on a promissory note, by the administrator of deceased payee's estate. The defendant was one of the two sureties on the note, the maker having died and the other surety not having been sued for reasons hereinafter mentioned. The trial judge overruled the defendant's demurrer to plaintiff's evidence; defendant then declined to introduce evidence and elected to stand on his demurrer, whereupon judgment was rendered for plaintiff, and defendant appeals.

The defendant first complains of the trial judge's admitting the note into evidence over his objection, and calls our attention to the fact that the note shows on its face that it had not been registered and that the tax had not been paid thereon as required by sections 12363 to 12368, inclusive, O. S. 1931. The latter section provides in substance that no note of over eight months' duration, other than one secured by a real estate mortgage, shall be admitted in evidence unless it has been registered and the tax paid thereon.

During the trial of the case no mention was made that the tax had not been paid or the note registered. It was first mentioned in the motion for new trial. The following was the ojection of defendant's counsel at the trial:

"Comes now the defendant and objects to the introduction of this note for the reason it is incompetent, irrelevant and immaterial, shows on its face it is barred by the statute of limitation, no proper foundation has been laid for the introduction of this note."

Before considering the sufficiency of the form of the above objection we should first consider whether it is necessary in such a case to make any objection at all, in order to preserve a basis of complaint. In Cockrell v. Martin, 124 Okla. 284, 255 P. 1101, we held that the general rule, to the effect that error in admitting incompetent evidence is waived by the failure to object thereto, does not apply to the admission of a note which shows on its face that the tax has not been paid. Under the rule announced by a portion of the opinion in Cockrell v. Martin, the defendant could sit silently by and permit the introduction of the note with no objection or comment of any kind, then interpose a general demurrer to the plaintiff's evidence, still making no mention of the tax, and then successfully raise the question of sufficiency of evidence for the first time in this court. The decision in the case was correct in result, for the trial court had refused to permit the defendant to make inquiry, on cross-examination of the plaintiff, as to whether she had caused the tax to be paid, and such was held by this court to be reversible error, because it would have laid a proper foundation for challenging admissibility of the note; but that part of the opinion first mentioned above, eliminating the necessity of objection, was overruled by implication more than nine years ago by Cole v. Kinch, 134 Okla. 262, 272 P. 1017. It was therein held that in order to take advantage, on appeal, of error in the admission of such a note, it was not only necessary to object at the trial, but it was further necessary to make the correct objection, and that if the defendant failed to make either the

general statutory objection or the specific objection that the tax had not been paid, but did make some other specific objection, he could not raise the question for the first time in this court. In Cole v. Kinch, supra, arriving at a contrary doctrine on this specific question from that laid down by way of dictum in Cockrell v. Martin, supra, the following was said of that case:

"There specific objections were urged; it was said: 'The court refused to permit the defendant to make inquiry on cross-examination of the plaintiff as to whether she had caused the tax to be paid on said notes, as required by the provisions of section 9608 (C. O. S. 1921), supra.'

"We adhere to the rule that such action on the part of the court was error. We follow that case to the extent that, in view of specific objections being made, the question being so raised, and the fact that the notes showed upon their face that they were incompetent, the court should have excluded the notes as evidence."

The only specific objections spoken of in the above quotation referred to the action of the trial court in refusing to permit the defendant to cross-examine as to payment of the tax; there were no specific objections made to the introduction of the note itself in Cockrell v. Martin. Since Cole v. Kinch followed Cockrell v. Martin only to the extent as emphasized in the above quotation, and held contrary thereto on the necessity of objecting, the result was an overruling of the former decision to that extent, by implication. This court has in a number of decisions since Cole v. Kinch, supra, proceeded on the doctrine therein laid down, to the effect that the general rule of evidence applies, and that it is necessary to object. See Alexander v. Wright, 135 Okla. 96, 274 P. 480; Reed v. Automobile Inv. Co., 167 Okla. 184, 29 P. (2d) 62; Thomas v. General Motors Acceptance Corp., 176 Okla. 488, 56 P. (2d) 844, 847, in which latter case it was said:

"Proposition VI raises the competency of the contract because the tax provided under section 12363, O. S. 1931, was not paid. Plaintiff made no such contention in the trial court, and will not be permitted to raise it for the first time in this court. Plaintiff's objections to the admission of this contract were specific, and did not include this point."

From the foregoing it is apparent that the portion of the opinion in Cockrell v. Martin, supra, holding that it is unnecessary to present any objection in the trial court as a predicate for review of sufficiency of the evidence in this court, has repeatedly been overruled by implication. We now expressly overrule that portion of the opinion, and likewise the extent to which it was followed in Mellott v. Gardner, 156 Okla. 252, 10 P. (2d) 667 at 668. However, this takes nothing from the merits of the holding in Greenwood v. Price, 166 Okla. 292, 27 P. (2d) 822, which involved a real estate mortgage, for a distinction created by the statutes exists between that kind of an action and this one. As pointed out in that decision, section 12358, O. S. 1931 (which is not applicable to the instant case), in express terms prohibits the rendering of a judgment on a real estate mortgage where-on the tax has not been paid. See Id., 166 Okla. 294, 295, 27 P. (2d) at 824. Under authority of Cole v. Kinch, 134 Okla. 262, 272 P. 1017; Thomas v. General Motors, etc., 176 Okla. 488, 56 P. (2d) 844, and the other decisions cited supra, the rule is that in an action on a promissory note its inadmissibility for nonpayment of tax by reason of section 12368, O. S. 1931, may not be raised for the first time in the motion for new trial and argued in this court, and that error may not be predicated thereon unless during the trial itself the attention of the trial court and the adverse party has been called thereto by proper objection.

The next question to determine is what constitutes a proper objection. It has been held in several cases that if the note is objected to on specific grounds other than nonpayment of tax, omitting the latter objection, it is not sufficient. Cole v. Kinch, supra; Thomas v. General Motors, etc., supra. It appears to have been assumed occasionally that the general objection of "incompetent, irrelevant and immaterial" is sufficient to raise the question, and this assumption is based upon the fact that such was the form of objection in Wommer v. Wommer, 91 Okla. 79, 216 P. 150, wherein a judgment on a note was reversed because the tax had not been paid. However, in that case the question now before us was not raised. A careful reading of the opinion will disclose that no stress was attached nor any discussion indulged on the question of the sufficiency of the objection. We have searched the briefs and record in that case and they do not disclose that any issue or dispute was made on this particular question. In fact the record fails to show where the note was offered or received in evidence at all, during the progress of the trial, though it is included in the case-made. In other words, the sufficiency of the objection to challenge the attention of the

trial court was a point which simply lurked in the case and could have been, but was not, raised. It was said in Cole v. Kinch, supra, that the better and safer practice is to point out the species of objection relied upon, and that **"perhaps"** a general objection would have been sufficient, but it was unnecessary to rule on the question in that case, and the court did not do so.

As stated above, we have held that a specific objection other than the failure of tax payment is not sufficient to raise the latter objection. We have suggested the possibility that a general objection may be sufficient, but have not ruled thereon. The objection in the instant case is somewhat baffling of description, for it started out to be a general objection, but qualified itself by a specific objection on grounds other than the tax question, set in apposition to, and explanatory of, the general objection. Does this call for still another rule? We think not. We believe it appropriate and timely to follow the suggestion contained in McDonald v. Strawn, 78 Okla. 271, 190 P. 558, wherein it was said, in speaking of another rule, that:

"If there can possibly be any doubt about this rule, * * * we will put that question to rest, as we deem it wise and expedient to leave as little uncertainty as possible about the proper procedure in the trial of cases, either at law or in equity."

As a basis, or a starting point, it is well to remember that the objection to the effect that offered evidence is "incompetent, irrelevant and immaterial" is merely the equivalent of "I object," and in the absence of statute it is no objection at all. This is the law in Oklahoma, except as modified by a section of our statutes hereinafter considered, and it is founded upon good reason, as set forth in the 10th and 11th paragraphs of the syllabus in McDonald v. Strawn, 78 Okla. 271, 190 P. 558:

"Except as modified by section 5070, R. L. 1910, making an objection to evidence on the ground that it is incompetent, irrelevant and immaterial sufficient in the absence of a request from the trial judge or opposing counsel for more specific reasons, the general rule is that an objection that evidence 'is immaterial,' or is 'incompetent, irrelevant and immaterial,' or is 'incompetent,' is considered no objection.

"The rule that objections should always state the grounds thereof, and should present to the trial court the precise point relied upon by the party objecting, is based on two grounds: (1) To show the trial judge the exact point on which the ruling is asked, in order that he may act advisedly and not be misled; (2) that counsel for the opposing party may have an opportunity to obviate the objection if well taken, and that it is not the duty of the trial judge and opposing counsel to explore the whole domain of the law of evidence in an effort to discover why the evidence objected to is not admissible."

In Tudor v. American Inv. Co. of Enid, 163 Okla. 274, 21 P. (2d) 1056, it was said in the syllabus:

"The object of an objection is to call the attention of the court to some error, that it may be corrected. It is not for the purpose of getting into the record an error upon which a reversal may be predicated. In all fairness, the objection should be sufficiently definite to advise the court of the error of which complaint is made."

See, also, Sharp v. Pawhuska Ice Co., 90 Okla. 211, 217 P. 214.

Having arrived at the conclusion that such a general objection is not sufficient to save the question for review unless the evidence objected to comes within the modification of the statute mentioned above, the next task is to determine whether the objection to the note in the present case is an objection to that kind of evidence which is contemplated by the statute. Section 5070, R. L. 1910, mentioned in the quotations supra, is now section 291, O. S. 1931, 12 Okla. St. Ann., sec. 424. It is plain that it refers, not to all forms of evidence, but to questions asked witnesses and their replies to said questions. It reads:

"An oral examination is an examination in the presence of the jury or tribunal which is to decide the fact or act upon it. The testimony being heard by the jury or tribunal from the lips of the witness. Where any party desires to object to any question put to a witness, either before a court or tribunal or upon the taking of depositions upon notice, upon the ordinary objections of incompetency, irrelevancy or immateriality, shall be deemed to cover all matters ordinarily embraced within such objections and it shall not be necessary to specify further the grounds of such objections or to state the specific reasons whereby the question is so objectionable, but the court or opposing counsel may inquire of the objector wherein the question is so objectionable and the objector shall thereupon state specifically his reasons or grounds for such objections."

We do not see how it can be said that the above section relates to documents being offered in evidence, as applied to this case.

There are several decisions by this court wherein the general objection to the admission of a document was held insufficient. In Long-Bell Lumber Co. v. Martin, 11 Okla. 192, 66 P. 328, it was held that the general objection of incompetency, irrelevancy, and immateriality, lodged against the offer of a deed in evidence, was not sufficient to raise the question of authority of the person executing it as attorney in fact. Supporting citations from the Supreme Court of Kansas were given, from which state we adopted the section now being discussed. In Diamond v. Perry, 46 Okla. 16, 148 P. 88, such a general objection was lodged against the introduction of an enrollment record of an Indian. It was held that such an objection, not apprising the court or opposing counsel of its real basis, was not sufficient to preserve the point for review. In Enid & Anadarko Ry. Co. v. Wiley, 14 Okla. 310, 78 P. 96, a register of deeds was called as a witness and produced and identified a record kept in his office known as the patent record. A certain patent to land from the United States to one of the plaintiffs was offered in evidence. The objection was made that it was incompetent, etc., and the court held that such an objection was not sufficiently specific to serve as a predicate for review of the trial court's refusal to sustain the objection. We there said:

"The court was not advised upon what grounds it was 'incompetent,' and it was not bound to grope through the entire scope of possible defects to ascertain the foundation for this objection. It might have been incompetent because not properly executed by the president; because not properly attested by the great seal; because not properly recorded in the general land office; because not properly authenticated, because it did not describe the land in controversy, or because executed to some person other than those claiming the land in dispute, or the record might have been incompetent because not properly identified, or because not properly kept, or because it was not required by law to be kept, and the court was not bound to seek a basis or ground to support the general objection of incompetent. It is the duty of counsel when making an objection to state the grounds of the objection so that the court may act advisedly and intelligently upon the objection presented, and that the adverse party may have an opportunity to obviate the objection, if possible, and make the evidence admissible."

Certain remarks contained in Alexander v. Wright, 135 Okla. 96, 274 P. 480, 483, while speaking of the evil which it is evident would be possible if the defendant were permitted to obtain a review by making only a general objection to such a note, are pertinent here. We there said:

"To do so would be to allow defendants, as was suggested in Cole v. Kinch, supra, to lull plaintiff into a sense of security by a subtle and crafty objection, which in no way specifically raised the question really relied upon, and thereafter be destroyed. We have no doubt but that the trial court, in view of the holding of this court in Harrell v. Suter, supra, which had not then in any phase been overruled, would have required plaintiff to register the note and pay the tax had the attention of the court been called specifically to the condition of the note. The defendants probably thought their interests would best be served by reserving the specific question for this court. It is apparent that they had more interest in defeating the note than in seeing that plaintiff was required to pay the taxes thereon."

The remarks just copied are squarely in point on this question. The prime purpose of the sections imposing the tax is the collection of the tax, which purpose is connected with the incidents of the lawsuit only indirectly. If the defendant is required to state the basis of his objection, the opposing party may then and there pay the tax (Jones v. First Nat. Bank, 102 Okla. 185, 228 P. 992) and proceed with the trial. It is not fair, either to the opposing party or to the trial judge, to conceal the real basis of the objection, and take advantage of the outcome if it is favorable, or if the outcome is unfavorable, then obtain a reversal by the defendant's exposing his real objection for the first time.

We therefore conclude, first, that section 291, supra, does not cover objections to the admission of documents into evidence; and second, that the ordinary principles of fair play as applied to the trial of actions require the party to state the nature of his objection to the introduction of such a document into evidence. Accordingly, we hold that the general objection of incompetency, irrelevancy, and immateriality is insufficient in itself to preserve grounds for review of the complaint that the note in suit was inadmissible by virtue of section 12368, O. S. 1931, and that it is necessary for the objector to express the objection specifically; that if he fails to do so, he may not later complain of the action of the trial court in permitting the note to be introduced.

It is also urged that the note was barred by the statutes of limitation. This question

hinges entirely on whether a payment made by a cosurety, within the five years preceding the filing of the action, saved the running of limitations. The defendant cites Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640, and Street v. Moore, 172 Okla. 336, 45 P. (2d) 73, to the effect that a credit on a note to toll the statute must be a voluntary payment and that a payment thereon by a comaker without authority from the one sought to be charged does not toll the statute as to the latter, for the reason that it does not constitute, on his part, a new promise to pay or a new acknowledgment of the indebtedness. But those cases involved notes wherein the surety or comaker did not, as in this case, consent on the face of the note to partial payments. The distinction between those cases and this kind is pointed out in the opinions, from which we shall not quote. See, also, Fitzgerald v. Brady, 166 Okla. 21, 25 P. (2d) 1090, for a thorough discussion and citation of other cases; and Georgia v. O'Herion, 176 Okla. 103, 54 P. (2d) 657.

But the defendant also points out that when the cosurety paid half the amount due on the note, within the preceding five years, the payee released said cosurety from further obligation. He says that this could not toll the statute, because it did not amount to a new promise to pay, but was the exact opposite, namely, in consideration for the cosurety's release from further liability. It is unnecessary to discuss this proposition at length, in view of the fact that we have read and considered every case cited thereunder by the defendant, none of which is controlling in this case, but all of which so clearly suggest their own distinctions from the question now at hand that surely no detailed discussion thereon is needed. Where the sureties are joint and several, the release of one by the creditor does not release the other, as a general rule, and especially is this true where, as in this case, the creditor expressly reserved her rights against the other surety. By the terms of his undertaking the surety consented to future payments, and thus the payment tolled the statutes of limitations as to him. Schreiner v. City Nat. Bank of McAlester, 76 Okla. 76, 183 P. 905, 906; Eichman v. Culver, 169 Okla. 495, 37 P. (2d) 640; Hope v. Gordon, 174 Okla. 368, 50 P. (2d) 669. The payment in the Schreiner Case was made by the principal debtor instead of a surety, but the theory of that decision precludes any substantial difference in result between the two cases. In Hope v. Gordon, supra, it was said payment by any of the parties to a note containing such a stipulation will prevent the running of the statute as to a guarantor or indorser.

The only remaining proposition is that the court erred in overruling the defendant's demurrer to the evidence, and as the correctness of the proposition is predicated upon that of the others, as discussed above, it follows that the judgment should be affirmed. It is so ordered, and judgment is also entered on the supersedeas bond in accordance with the motion therefor, in favor of the defendant in error.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, HURST, and DAVISON, JJ., concur.