## ORR v. MALLON.

No. 30365. May 19, 1942.

*126 P. 2d 83.*

E. F. Maley, of Okmulgee, for plaintiff in error.

W. C. Alley, of Okmulgee, for defendant in error.

DAVISON, J. This is an action in replevin for the possession of a "pick-up" truck. It arose out of a dispute between Thomas B. Mallon, the owner of the truck, and T. H. Orr, a machine shop operator who, at the instance of the owner, "overhauled the same." Mallon claimed he had a specific agreement that the cost of repairing the truck would not exceed $160. Orr denied that such an agreement existed and presented an itemized account showing the charge to be $198.57.

Mallon then tendered $160 in settlement of the claim and requested possession of the truck. The defendant refused the tender and declined to relinquish the truck, claiming a lien thereon for $198.57 which entitled him to continue in possession until the satisfaction of the debt.

Thereafter, on July 6, 1940, this action in replevin was instituted in the superior court of Okmulgee county by Mallon to recover from Orr the possession of the truck and damages for its wrongful detention. Issues were formed by appropriate pleadings and the cause was tried to a jury in January of 1941, resulting in a verdict and judgment for the plaintiff awarding him the possession of the truck or in lieu thereof its value in the sum of $550. The plaintiff's claim for damages was denied. The court in taxing costs allowed the attorney for the plaintiff an attorney's fee of $50.

The defendant has appealed, appearing herein as plaintiff in error. The order of appearance is thus reversed in this court. Our continued reference to the

parties will be by their trial court designation. .

The defendant urges, in substance, that the tender was inadequate (because insufficient in amount) to destroy his lien and right of possession incident thereto, and that there was no legal authority for authorizing attorney's fees in this case.

Replevin is, in its dominant aspect, an action to determine the present right of possession of personal property, but is sufficiently flexible to authorize a settlement of all equities between the parties growing out of the main controversy. Hales-Mullaly, Inc., v. Cannon, 189 Okla. 613, 119 P. 2d 46; Thomas v. General Motors Acceptance Corporation, 176 Okla. 488, 56 P. 2d 844; Cherry v. Sharp, 172 Okla. 241, 45 P. 2d 70.

The plaintiff in effect concedes that prior to the tender the defendant held a lien upon the truck entitling him to retain possession thereof. He takes the position, however, that a tender of the full amount of the debt actually due, although the amount was disputed and a greater amount claimed by the defendant, operated to discharge the lien of the defendant upon which the right of possession of the latter depended.

The defendant, on the other hand, urges that the tender was ineffective for the purpose of releasing the lien if he was in good faith claiming a larger indebtedness than the amount tendered, even though the determination of the dispute as to the amount might demonstrate (as it did in this case) that he was in error in claiming more than the amount tendered.

The trial court adopted the theory of the plaintiff and instructed the jury in substance that, if the amount tendered equaled the amount actually due, the lien was released and the plaintiff should prevail. The court refused to submit to the jury as an issue of fact the question of whether the defendant was acting in good faith in claiming an amount due in excess of the amount tendered. In refusing to submit this issue to the jury,

the trial court committed substantial error. The defendant has preserved the error for review by excepting to the instruction given and by requesting instruction on the point which was refused.

It is established law as the general rule in this state that where a tender is made as full satisfaction of a debt secured by a lien, the tender, if unaccepted, does not discharge the lien if the creditor is in good faith claiming a larger amount than the amount tendered. First National Bank of Davis v. Britton, 185 Okla. 566, 94 P. 2d 896. See, also, annotation 93 A.L.R. 73.

The question of good faith depends upon the mental attitude of the person whose motives are in question, and in common with other questions of that character usually presents a question of fact to be determined from the facts and circumstances surrounding the transaction, as well as (or independent of) the declarations of the party. 20 Am. Jur. 320.

While the defendant in his brief suggests, in effect, that his own testimony on the point should be accepted as a matter of law, we are unable to approve his position in that respect. He was, however, entitled to have the question of his good faith submitted to the jury as one of fact, since if his claim for a larger amount than the sum tendered was in good faith, he did not lose his lien.

The action of the trial court was substantial error, but it was not of such a nature as to require our unconditional reversal of the case. The judgment is such that it can be purged of error upon compliance by the defendant in error with appropriate conditions.

The jury by its finding in connection with the tender as included in its general verdict has definitely determined that the defendant was not entitled to more than $160. Its finding in this respect, if accompanied by a finding that the claim for a larger amount was not in good faith, would release the lien, but no such finding can be presumed because

the issue was not submitted. However, such finding if made would release only the lien, not the debt. The plaintiff still owes the lesser amount. If he pays that sum, the judgment should be permitted to stand. This condition is imposed to purge the judgment of error. It in no wise intimates that a tender adequate to release a lien must be kept good by continual proffer.

It is permissible for an appellate court to impose appropriate conditions on an affirmance of the judgment to purge the same of error. St. Louis & S. F. R. Co. v. Goode, 42 Okla. 784, 142 P. 1185; Fitch v. Green, 39 Okla. 18, 134 P. 34; 3 Am. Jur. 666 and 677.

We therefore conclude that the judgment in this case should be affirmed upon condition that the plaintiff pay into court $160 for delivery to the defendant, after the costs, including $50 allowed as attorney's fee, have been paid. Otherwise, a new trial should be granted.

There is a general question connected with costs which might be considered in connection with this disposition; that is, whether such conditional affirmance should be accompanied by an order directing an assessment of the costs in whole or in part to the plaintiff. However, the question is not herein briefed and a considered pronouncement will not be made on the point.

It may be that a tender which, although embracing all that is due, is inadequate to release a lien because it does not embrace all that is in good faith claimed to be due, is likewise inadequate to alter the liability of the person making the tender for costs, although he stands ready to pay all that is actually due. Regardless of what the law may be on that question, it will not be considered herein because it is not briefed.

In common justice, in this particular case, no undue hardship can be said to result from allowing the costs to stand as they are, since the defendant was afforded an opportunity before this suit to accept all that he was actually entitled to, as later determined by the jury. Had he accepted the proffered amount, no lawsuit would have occurred. Therefore, no special order will be made as to the costs. They will follow the judgment.

There is one item of costs that must be specifically considered. That is, the assessment by the trial court of an attorney's fee to the prevailing party.

In support of the action of the trial court, 42 Okla. St. Ann. § 176, sec. 11021, O. S. 1931, is relied upon. It reads:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The foregoing section applies to actions to enforce a lien and may be applied in replevin actions where the same are used to enforce a lien. Owen v. Miller, 190 Okla. 205, 122 P. 2d 140; Rogers County Bank v. Cullison, 186 Okla. 373, 98 P. 2d 612.

It may be that since at its inception this is an action by the owner to recover possession from one claiming a lien, the foregoing statute, and its application to replevin actions as established in the cases last above cited, would have no application herein if the defendant had appeared for the purpose of defending his possession without seeking an affirmative judicial declaration looking toward the enforcement of his lien.

However, the defendant in this case sought relief beyond the necessity of a mere defensive attitude. He pleaded the amount of the debt as asserted by him and averred that the same was secured by a lien. He then sought judgment for the sum said to be due and asked:

". . . that said sum be declared a first lien upon the truck in the possession of the defendant; that the defendant be authorized to sell said truck in satisfaction of said claim, and that the defendant have such other and further relief to which he is entitled to in the premises."

Thus the action became at his instance one to enforce a lien and the statute as previously applied by this court became applicable. The trial court did not err in granting an attorney's fee after the action had, by pleading of the defendant, been thus changed in one of its major aspects.

The judgment of the trial court is affirmed upon condition that within ten days from date the mandate is received by the trial court, the plaintiff shall pay to the court clerk $160, to be delivered to the defendant upon his request after the costs, including the $50 attorney's fee, have been paid. Should the plaintiff fail to comply with this condition, this decision shall be construed as one of reversal and the trial court will grant a new trial.

OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur. CORN, V. C. J., dissents. WELCH, C. J., and RILEY and ARNOLD, JJ., absent.