## CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK et al. v. CONTINENTAL SUPPLY CO. *

Circuit Court of Appeals, Eighth Circuit. April 22, 1929.

No. 7997.

J. F. Sharp, Jr., of Oklahoma City, Okl. (M. K. Cruce, of Oklahoma City, Okl., C. L. Powell, of Chicago, Ill., C. B. Stuart, of Oklahoma City, Okl., Mayer, Meyer, Austrian & Platt, of Chicago, Ill., and Stuart, Sharp & Cruce, of Oklahoma City, Okl., on the brief), for appellants.

Henry N. Eversole, of St. Louis, Mo. (George H. Williams and Rhodes E. Cave, both of St. Louis, Mo., David I. Johnston, of Oklahoma City, Okl., Bryan, Williams & Cave, of St. Louis, Mo., and Keaton, Wells & Johnston, of Oklahoma City, Okl., on the brief), for appellee.

Before VAN VALKENBURGH, Circuit Judge, and SCOTT, District Judge.

SCOTT, District Judge. An appeal from a supplemental decree of the District Court of the United States for the Western District of Oklahoma, denying to plaintiff in a foreclosure suit the allowance of attorney's fees as against a defendant lien claimant.

On November 14, 1921, appellants, having pending in the Eastern district of Oklahoma a suit in equity to foreclose a trust indenture against Midco Gasoline Company, defendant, filed an ancillary bill for foreclosure of such trust indenture in the United States District Court for the Western District of Oklahoma as to properties located in that district. The principal defendant in both the original and ancillary bills, and representing Midco Gasoline Company, was Tom D. Boydston, trustee in bankruptcy for the Midco Gasoline Company, who appeared in said suits, filed answer and defended. On March 31, 1922, plaintiff in said ancillary bill applied for and obtained leave to make the Continental Supply Company, appellee herein, a lien claimant, party defendant in said suit. On May 19, 1922, the Continental Supply Company appeared and filed answer to the ancillary bill, and brought in additional defendants. On April 20, 1923, the Continental Supply Company filed an additional answer, which was afterwards amended by way of cross-bill, seeking to foreclose its materialmen's liens upon the property described in the trust indenture. In due course the cause was tried, and plaintiff was successful both against the prin-

cipal defendant, the trustee in bankruptcy, and the lien claimant, the Continental Supply Company. The original decree was entered May 23, 1923, and among other things provided that the proceeds of the sale directed be applied to the payment of such claims as should thereafter be established in favor of defendants seeking to establish materialmen's liens. Thereafter a special master was appointed, with authority to take testimony and determine the validity and priority of liens of claimants, which master in due course held hearings, took testimony, and reported, among other things finding that the Continental Supply Company had not established its liens, and recommended that it take nothing as against the plaintiff. The master's report was later approved and confirmed.

On November 24, 1926, prior to the entry of the final decree, appellants filed motion for the allowance of attorney's fees as against the appellee, setting up in detail incidents of the litigation between plaintiff and the Continental Supply Company. Upon hearing of the application for attorney's fees on February 1, 1927, evidence was introduced, and at the conclusion of the testimony the District Court made an order allowing attorney's fees as against the Continental Supply Company in the sum of $4,250. On February 28, 1927, the Continental Supply Company filed a motion to set aside the order allowing attorney's fees, and on May 10, 1927, said motion to vacate was heard, and on June 13, 1927, said motion was sustained, and a decree entered vacating said order and denying the allowance of attorney's fees. From such supplemental decree plaintiffs, Continental & Commercial Trust & Savings Bank and William P. Kopf, trustees, appeal.

The following provision of the supplemental decree sufficiently indicates the question presented on this appeal:

"3. The court concludes as a matter of law that there is no authority under the federal practice for allowance of attorney's fees in favor of claimant and against the cross-petitioner, the Continental Supply Company, and that under the provisions of the state law of Oklahoma (Compiled Statutes 1921, § 7482), and the construction placed thereon by the state courts, such attorney's fees should not be charged or assessed against the cross-petitioner, the Continental Supply Company.

"Wherefore it is ordered, adjudged, and decreed that the motion of the cross-petitioner, the Continental Supply Company, filed February 28, 1927, to set aside the previous order allowing attorney's fees (said previous order being dated February 1, 1926), be and the same is hereby sustained and said previous order dated February 1, 1927, is hereby set aside and vacated. To which findings, rulings, and decree as above set forth and each of them, the plaintiff excepts and exceptions are allowed."

Section 7482, Compiled Statutes of Oklahoma 1921, referred to in paragraph three of the supplemental decree above quoted, is as follows:

"Sec. 7482. *Attorney's Fees.* In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

It will be observed that the conclusion of the trial court above quoted may be susceptible to the interpretation that the court based its ruling upon two separate propositions: (1) "That there is no authority under the federal practice for allowance of attorney's fees in favor of claimant and against the cross-petitioner, the Continental Supply Company;" and (2) "that, under the provisions of the state law of Oklahoma (Compiled Statutes 1921, § 7482) and the construction placed thereon by the state courts, such attorney's fees should not be charged or assessed against the cross-petitioner, the Continental Supply Company."

If the trial court intended to imply by the foregoing language that a federal court is without power to allow attorney's fees, even though allowable under the statute of the state in which the court might be sitting, we think the court was in error. Business Men's Assur. Co. of America v. Campbell, 18 F.(2d) 223 (C. C. A. 8th Circuit); Globe Indemnity Co. v. Sulpho-Saline Bath Co., 299 F. 219 (C. C. A. 8th Circuit), certiorari denied 266 U. S. 606, 45 S. Ct. 92, 69 L. Ed. 464. We are unable to conclude, however, from the language of the trial court, that such was the intended ruling. The trial court was dealing only with its own inherent power, independent of statute, and with its power under the statute of Oklahoma referred to. As to the power of a federal court to allow such attorney's fees to a plaintiff, independent of the state statute, the trial court was, we think, correct. As to the holding of the trial court on the question of the applicability and interpretation of the section of the Oklahoma statute referred to,

we are of opinion that the trial court was also correct. It is quite true, as counsel for appellants contend, that we may look to the strict letter of this statute, and find no literal inconsistency to its application to the situation here presented. In other words, in the language of the patent lawyers, the case probably "reads on" the letter of the statute.

We think, however, we should give the situation a little broader view. Statutes of this character are primarily intended to reimburse the principal parties to the cause, when forced to resort to the courts to enforce or defend their rights. In foreclosure cases, it is common knowledge that there are usually numerous defendants, brought in with the principal one, in order to clear the title of outstanding equities, liens, and claims. However, we think the practice observed by the courts generally, if not universally, is to allow attorney's fees under such statutes against the principal defendant debtor, and against the particular res, the subject of the litigation, and not against other incidental defendants, brought in for the purposes above suggested. We do not think the fact that some of these incidental defendants may resist in good faith should, in the absence of some clear statutory provision, change the general rule. The plaintiff's purpose in coming into court was to foreclose its mortgage and convert its lien or conditional estate into an absolute estate. The clearing off of junior liens, claims, and equities is a part of its task, and under the statute in question plaintiff is allowed a reasonable attorney's fee, we think, against the principal defendant and the res, whether that defendant defends or defaults, and we do not understand such reasonable fee to be measured alone by the services necessary to bringing the suit and the prosecution of the matter against the principal defendant.

We have searched diligently and find no case in which the Supreme Court of Oklahoma has ever construed the statute in question to cover the plaintiff's contention here, and our attention has been called to no such case by counsel. To accept appellants' contention, we think, would be to go a step further than the Supreme Court of Oklahoma has yet gone, and we are not inclined in the circumstances to proceed to such an extent.

From what we have said, it follows that the supplemental decree of the trial court, vacating its previous order allowing attorney's fees as against the appellee, should be and is affirmed.