HENRY v. HARRIS et al.

No. 34846.   March 11, 1952.

Rehearing Denied April 1, 1952.

Application for Leave to File Second Petition for Rehearing Denied April 23, 1952.

*243 P. 2d 663.*

Lewis M. Watson, Ada, for plaintiff in error.

Delmer L. Stagner and A. Wayne Murphy, Oklahoma City, for defendants in error.

GIBSON, J. The subject matter of this lawsuit is of small monetary value but the facts of its history are complicated.

The action was commenced on November 30, 1949, when J. L. Harris and Myrtle M. Harris filed their petition in justice court, in Oklahoma City, against John Doe and Mary Doe, seeking to replevin one Hot Point refrigerator and one Royal gas range, upon which they held a chattel mortgage. The mortgage had been given to secure payment of an installment note, executed by one Carl Wade and his wife, in favor of plaintiffs. The Wades were never made parties to the action. A writ of replevin was served on Dan L. Shaw and Mrs. Dan L. Shaw, who were found in possession of the chattels. On the same date J. Vestel Henry, of Ada, Oklahoma, filed his petition in intervention, claiming ownership of the refrigerator, and A. A. Spivey Furniture Company, a corporation, of Oklahoma City, filed its petition in intervention claiming ownership of the gas range. Capt. Dan C. Shaw filed an affidavit stating that he believed he was the person intended to be made defendant; admitted possession of the chattels but disclaimed any title or interest therein and stood ready to deliver the same as the court might direct. He further stated that the two named interveners made a claim to the chattels and prayed that he be discharged from all liability to any of the parties.

From a judgment in justice court, J. Vestel Henry, d/b/a Henry Music & Appliance, appealed to the court of common pleas where a trial de novo was held. From an adverse judgment, this appeal was taken.

In this opinion the parties will be referred to as they appeared in justice court: J. L. Harris and Myrtle M. Harris as plaintiffs; Dan L. Shaw and his wife as defendants, and the interveners as intervener Spivey and intervener Henry.

The dates of certain transactions become important. August 10, 1948, intervener Henry sold the refrigerator to Carl Wade under a conditional sales contract, wherein the seller retained title until specified installments were paid. This contract was recorded in the office of the county clerk of Pontotoc county on August 12, 1948. On July 1, 1949, Wade removed the refrigerator to Oklahoma county, and on July 2, 1949, it was included in the chattel mortgage given to plaintiffs who, concededly, had no notice of the conditional sales contract. However, this mortgage was not filed of record in Oklahoma county until November 4, 1949, which was more than 120 days after its execution and after its removal to Oklahoma county. Wade defaulted in payments due under the mortgage and this action was commenced to recover the refrigerator and range for purposes of

foreclosure. Intervener Henry never recorded his contract in Oklahoma county.

Carl Wade purchased the range from intervener Spivey on August 7, 1948, under a conditional sales contract, which Spivey recorded in Oklahoma county on November 22, 1949. On November 30, 1949, plaintiff released the chattel mortgage and after a correction was made it was refiled on the same day, which was the date that this replevin was commenced.

At the conclusion of the trial the court sustained Spivey's demurrer to the evidence of plaintiff. The court found that plaintiff's claim to the refrigerator was superior to that of intervener Henry; that after taking possession of the refrigerator under a redelivery bond Henry had sold it and could not now deliver it to plaintiff; that its reasonable value was $175, and that plaintiff was given judgment against Henry for that amount. The court taxed the costs one-third each against plaintiffs and the two interveners.

With reference to the controversy over the refrigerator, the judgment of the trial court must be affirmed.

It is conceded that Henry's conditional sales contract was filed in Pontotoc county and that the purchaser removed the chattel permanently to Oklahoma county more than 120 days prior to the recordation of plaintiff's mortgage.

60 O. S. 1951 §318 provides that a conditional sales contract shall be void as against innocent purchasers or the creditors of the vendee unless recorded, and when recorded it shall be subject to the law applicable to the filing of chattel mortgages.

46 O. S. 1951 §58 provides:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this State, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

It is conceded in the briefs that under this provision of the statute Henry's interests in the refrigerator were protected against subsequent purchasers or mortgagees for a period of 120 days from the recordation of his contract in Pontotoc county. This is true notwithstanding the permanent removal of the chattel to Oklahoma county. Burke v. First Nat. Bank of Yukon, 197 Okla. 52, 168 P. 2d 285. But in the instant case 120 days had elapsed after removal, but before plaintiff's mortgage was recorded in Oklahoma county.

Under such circumstances we have repeatedly held that a recorded mortgage in the county where the property is located takes precedence over a mortgage or sales contract recorded in another county prior to the removal of the property. In Arnold v. Wittie, 99 Okla. 236, 227 P. 132, we said:

"Where mortgaged property, or property held by the vendee under a conditional sales contract, is brought into and permanently located in any county in this state, and the mortgage or conditional sales contract has been executed and recorded according to the laws of another state, the mortgagee or vendor will be protected as against creditors of the mortgagor or vendee for a period of 120 days; but such registration in another state ceases to be constructive notice after the expiration of 120 days from the time the property is permanently located in such county."

Plaintiffs attempt to distinguish Arnold v. Wittie, but we cannot accept

their argument. Pertaining to this case the applicable part fo the above-quoted syllabus is the rule that registration in another state (or county) ceases to be constructive notice after the expiration of 120 days from the time the property is permanently located in another county.

It is conceded that there was no fraud or collusion in this case and all parties to the action had their transactions without knowledge of the claims of the other parties. It is said that plaintiffs took their mortgage within the 120-day period of constructive notice but did not record until after the time had run. But even if plaintiffs had recorded their mortgage they would have gained no advantage. They would still have been bound by the constructive notice if intervener Henry had located his chattel and recorded his contract in Oklahoma county. Burke v. First Nat. Bank of Yukon, supra.

But intervener Henry did not act within the statutory period. In Snodgrass v. J. I. Case Threshing Mach. Co., 70 Okla. 303, 174 P. 515, we said:

"Unquestionably the Legislature of this state had the authority to enact this statute, and our only duty is to construe the statute as we find it. We can find no fault with the wisdom of the Legislature in requiring the mortgagee of personal property to look after his property three times a year in order to protect his lien."

In Arnold v. Wittie, supra, we said that the date of execution of the mortgage is not controlling. In Continental Gin Co. v. Sims, 103 Okla. 191, 229 P. 818, we cited Arnold v. Wittie, supra, and we said that if the original or an authenticated copy of the mortgage was not filed in the county to which the property had been removed, within the 120-day period, the mortgagee thereafter occupies the position of the holder of an unrecorded mortgage and can assert no right, dependent on constructive notice, against the claims of subsequent mortgagees whose claims on the property mature after the expira-

tion of the 120-day period. This is the position in which intervener Henry finds himself in this case, and as to him the judgment must be affirmed.

With reference to the gas range, the court sustained the demurrer of Spivey to the evidence of plaintiff and rendered judgment for Spivey. Plaintiffs appealed and have filed their cross-petition in error and have filed their brief in support thereof. The authorities therein cited reasonably sustain the allegations of error. Intervener Spivey has filed no brief and has offered no excuse for such failure. In City of Tulsa v. Cockrell, 195 Okla. 518, 159 P. 2d 711, this court said:

"Where plaintiff in error has served and filed brief, but the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions."

This rule has been announced many times.

In the course of the proceedings intervener Spivey posted a redelivery bond and was given possession of the range. It appears that the parties agreed that $60 was a reasonable value and that Spivey was to sell the stove to prevent a decrease in value and hold the money pending the outcome of this case.

The cause is reversed as to the judgment in favor of intervener Spivey and remanded, with directions to vacate that particular judgment and to enter judgment for the sum of $60 in favor of plaintiffs and against intervener Spivey.

The plaintiffs and intervener Spivey filed separate motions to tax costs and prayed a reasonable attorney's fees as part of the costs. Both motions were overruled, and the court costs were as-

sessed one-third to each of the parties litigant. We find no abuse of the court's discretion in these matters. It was sought to impose liability for attorney's fees against incidental defendants and not against the principal debtor, and this is not authorized under the statute. Continental & Commercial Trust & Savings Bank v. Continental Supply Co., 32 F. 2d 740.

Affirmed in part and reversed in part, with directions.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.