**COMMERCIAL DISCOUNT COMPANY, Plaintiff in Error,**

v.

**MIDWEST CHEVROLET COMPANY, Defendant in Error.**

No. 37222.

Supreme Court of Oklahoma.

May 22, 1956.

Rehearing Denied Sept. 12, 1956.

W. S. Myers, Tulsa, for plaintiff in error.

Dyer & Powers, and Deryl Lee Gotcher, Tulsa, for defendant in error.

HUNT, Justice.

Commercial Discount Company instituted this action in the Court of Common Pleas of Tulsa County against Midwest Chevrolet Company for recovery of possession, as mortgagee, of a 1949 Chevrolet automobile, or for its value in the sum of $325 in the event its return cannot be had, and for an attorney's fee in the sum of $125.

The automobile was taken under a writ of replevin and delivered to plaintiff. The defendant, Midwest Chevrolet Company, filed an answer denying that plaintiff had a first and prior lien on the automobile and denied the right of plaintiff to recover an attorney's fee, and by answer and cross-petition alleged that it, defendant, had a first, prior and special lien on the automobile for the sum of $64.32 for repairs, parts and other expenses in connection therewith. The defendant prayed that it be awarded possession of the automobile, or in lieu thereof that it recover judgment for the value of the improvements, and for an attorney fee of $100.

Upon a hearing in the case the court sustained plaintiff's motion for judgment for possession of the automobile, but denied the plaintiff an attorney's fee, although testimony was introduced as to what would be a reasonable attorney's fee in the case. No appeal or exception was taken by the defendant from the judgment of the trial court. The plaintiff excepted to the judgment of the court in denying it an attorney's fee and has appealed therefrom to this court. The parties will be referred to herein as they appeared in the trial court.

The only error assigned and presented is the action of the trial court in denying the plaintiff an attorney's fee, to be taxed as costs, as provided by the Statute on Liens, Title 42 O.S.1951 § 176, which reads:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

The case of Rogers County Bank v. Cullison, 186 Okl. 373, 98 P.2d 612, was an action by a mortgagee against the subsequent purchaser from the mortgagor to replevin an automobile. Therein an attorney's fee was directed for the defendant, the successful party, under the provisions of the above cited statute. The third syllabus of that case reads:

"A replevin action by the chattel mortgagee to recover possession of the mortgaged property is a proper preliminary step in the process of foreclosure of the mortgage lien by means of advertisement and sale in the manner authorized by section 11273, O.S.1931, 46 Okl.St.Ann. § 53, and the successful party is entitled to recover a reasonable attorney's fee to be fixed by the court and taxed as costs in the action (sec. 11021, O.S.1931, 42 Okl.St.Ann. § 176; sec. 10940, O.S.1931, 42 Okl.St. Ann. § 5)."

The case of Owen v. Miller, 190 Okl. 205, 122 P.2d 140, was an action similar to the next above case, and the third syllabus is the same in each case. Orr v. Mallon, 190 Okl. 598, 126 P.2d 83, 84, holds:

"Title 42 Okl.St.Ann. § 176, authorizes the allowance of attorney's fee where the defendant in an action affirmatively seeks the enforcement of a lien."

In the case at bar the defendant, Midwest Chevrolet Company, by answer and cross-petition alleged that it had and held a first and prior lien on the automobile for parts and expense of repairs thereon, and asserted its right to possession and prayed judgment for an attorney's fee. The above quoted statute, Title 42 O.S.1951 § 176, and the holding in the above cited cases, when applied to the record in the case at bar, show and establish the right of the plaintiff to have and recover a reasonable attorney's fee, which shall be taxed as costs in the action.

The defendant, Midwest Chevrolet Company, cites, in support of the trial court's order denying plaintiff an attorney's fee, the following decisions: Continental & Commercial Trust & Savings Bank v. Continental Supply Co., 8 Cir., 32 F.2d 740, and Henry v. Harris, 206 Okl. 357, 243 P.2d 663.

The Federal case arose in Oklahoma and was a suit in equity to foreclose a trust indenture. The opinion refers to the Midco Gasoline Company as the principal de-

fendant. Continental Supply Co. and others were made parties to the suit. The lien claim asserted by the Continental Supply Co. was denied and plaintiff asked for an attorney's fee under the above Oklahoma statute against the supply company. In denying an attorney's fee the Federal Court stated [32 F.2d 742]:

"In foreclosure cases, it is common knowledge that there are usually numerous defendants, brought in with the principal one, in order to clear the title of outstanding equities, liens, and claims. However, we think the practice observed by the courts generally, if not universally, is to allow attorney's fees under such statutes against the principal defendant debtor, and against the particular res, the subject of the litigation, and not against other incidental defendants, brought in for the purposes above suggested."

The case of Henry v. Harris, supra, was a replevin action by a mortgagee for possession of a refrigerator and gas range. The plaintiff and an intervenor prayed an attorney's fee as part of the costs, which was denied, and this court, in sustaining the action of the lower court, said that to impose liability for an attorney's fee against incidental defendants and not against the principal defendant is not authorized under the statute, and cited, without comment, the preceding Federal decision.

We do not consider the defendant in the case at bar to be an incidental defendant within the language and meaning of the decisions relied on by defendant. There is a material difference between the facts in the Federal case and the present action, and the rule of law announced in the cases relied upon by defendant does not apply or control in the case at bar.

We conclude and hold that the order of the trial court denying the plaintiff a reasonable attorney's fee, to be taxed as costs in the action was erroneous, and the order is reversed and the case remanded to the Court of Common Pleas with directions to determine and allow a reasonable attorney's fee to the plaintiff and tax the same as costs in the action.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON and JACKSON, JJ., concur.

BLACKBIRD, J., concurs in result.

HALLEY, J., dissents.