A. R. VOELKLE and Nellie Bell Voelkle, Plaintiffs in Error,

v.

H. B. SISEMORE, doing business as Sisemore Surveying Service and Bond Marble & Tile Company, a Corporation, Defendants in Error.

No. 38237.

Supreme Court of Oklahoma.

March 31, 1959.

Rehearing Denied May 12, 1959.

Milton W. Hardy, of Hardy & Hardy, Charles M. Christensen, Tulsa, for plaintiffs in error.

LeRoy Blackstock, Robert N. Wilde, Tulsa, for defendant in error, H. B. Sisemore.

BLACKBIRD, Justice.

This is the second appeal to this court arising out of the Tulsa County District Court's Cause No. 87677. The first one is reported as Sisemore v. Voelkle, Okl., 312 P.2d 922. As may be seen from the cited report, the action was instituted by plaintiffs in error, who appear therein, and will be referred to herein, as plaintiffs. Plaintiffs' causes of action were based upon a promissory note, executed and delivered to them by Tulsa Acreage Inc., for $55,000, said figure being the purchase price of certain real estate said promisor had contracted to purchase from plaintiffs, and a real estate mortgage given to secure payment of said note. Accordingly, Tulsa Acreage, Inc., was the principal defendant, and the main objects of the action were to recover on said note and foreclose said mortgage, though in their pleadings plaintiffs also named, among other defendants alleged to be claiming some right, title or interest in the mortgaged premises, H. B. Sisemore, d/b/a Sisemore Surveying Service, hereinafter referred to merely as "Sisemore", and Bond Marble & Tile Company, hereinafter referred to merely as "Bond". By separate answers and cross-petitions, Bond and Sisemore asserted lien claims against the property to the extent of praying that their claimed liens be adjudged paramount to all others, including the mortgage lien of the plaintiffs. Such priority was denied said claims by the judgment affirmed in Sisemore v. Voelkle, supra, but, after granting plaintiffs recovery against the principal defendant, Tulsa Acreage, Inc., of $55,000, together with interest on the note and attorney's fees of $5,500, said judgment determined plaintiffs' mortgage lien to be a first and prior lien against the property, and also established Sisemore's and Bond's claims as liens of lesser priority. The journal entry of said judgment contained, among other recitations, the following:

"* * * the court reserved until after confirmation of sale by the sheriff under the foreclosure of the mortgage of the lands herein involved as herein decreed all questions as to any judgments in favor of plaintiffs against any of the lien claiming defendants because of the plaintiffs being the prevailing parties as herein decreed, in the matter of the priority of plaintiffs' mortgage lien over the liens of said defendants."

Upon the mandate in Sisemore v. Voelkle, supra, being spread of record in the trial court, plaintiffs filed their application for

recovery (in addition to the attorneys fees above mentioned) of attorneys fees against Sisemore and Bond. It is from the trial court's subsequent judgment denying this application that the present appeal has been perfected.

Plaintiffs base their position that the trial court erred in the ruling appealed from, upon the single "Proposition of Law" set forth in their brief, as follows:

"Incidental defendants in mortgage foreclosure who do more than defend their lien, but affirmatively seek by cross-petition and evidence to establish their lien against the plaintiff's interest in the land have subjected themselves to attorney's fees assessed as costs if unsuccessful as against such plaintiffs on such issue."

Plaintiffs' counsel concede that the general rule in lien foreclosure cases is adverse to such parties' recovery of attorney's fees against other encumbrancers they have brought into said cases as defendants, citing Continental & Commercial Trust & Savings Bank v. Continental Supply Co., 8 Cir., 32 F.2d 740, and Henry v. Harris, 206 Okl. 357, 243 P.2d 663, 667. They appear also to recognize that Tit. 42 O.S. 1951 § 176, which is the same statute as C.O.S.1921 § 7482, comprises the basis for such plaintiffs' recovery of such fees. Said statute reads:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover reasonable attorney's fee to be fixed by the court which shall be taxed as costs in the action."

In Henry v. Harris, supra, we followed the opinion of the Circuit Court of Appeals in the Continental & Commercial Trust & Savings Bank case, in which, with reference to the above-quoted statute, it was said:

"Statutes of this character are primarily intended to reimburse the principal parties to the cause, when forced to resort to the courts to enforce or defend their rights. In foreclosure cases, it is common knowledge that there are usually numerous defendants, brought in with the principal one, in order to clear the title of outstanding equities, liens, and claims. However, we think the practice observed by the courts generally, if not universally, is to allow attorney's fees under such statutes *against the principal defendant debtor, and against the particular res, the subject of the litigation, and not against other incidental defendants,* brought in for the purposes above suggested. *We do not think the fact that some of these incidental defendants may resist in good faith should, in the absence of some clear statutory provision, change the general rule.* The plaintiff's purpose in coming into court was to foreclose its mortgage and convert its lien or conditional estate into an absolute estate. The clearing off of junior liens, claims, and equities is a part of its task, and under the statute in question plaintiff is allowed a reasonable attorney's fee, we think, against the principal defendant and the res, *whether that defendant defends or defaults,* and *we do not understand such reasonable fee to be measured alone by the services necessary to bringing the suit and the prosecution of the matter against the principal defendant.*" [32 F.2d 742.] (Emphasis ours.)

We think the above-quoted statements, and especially those emphasized, clearly demonstrate the unsoundness of plaintiffs' attempts to show that Sisemore and Bond cannot be considered "incidental defendants" within the general rule, because of the force and means they used in establishing and enforcing their claimed liens. Plaintiffs' apparent view that such encumbrancers removed themselves from said rule's class, or category, of "incidental defendants" by affirmatively and forcefully prosecuting their claims by cross-petition and seeking to have them adjudged prior, as liens, even to the plaintiffs' claimed lien, might gain some support from some of this court's statements in Orr v. Mallon,

190 Okl. 598, 126 P.2d 83, 86, if said statements were considered out of context. But, the opinion in that case, when analyzed, readily reveals that the significance of its defendant's seeking relief by cross-petition "beyond the necessity of a mere defensive attitude" was that it constituted "actions to enforce a lien * * *" and brought him within the operation of the above-quoted statute, instead of rendering him merely a defendant in an ordinary replevin action. There the cross-petitioning defendant even sought a money judgment against the plaintiff, which is not true in this case, though there is an inference in some of the statements of the opinion in Sisemore v. Voelkle, supra, that would seem to support plaintiffs' representation here that, in the previous trial, Sisemore and Bond attempted to establish some sort of a contract directly with plaintiffs, either implied, or otherwise, by operation of law. We are aware also that in Commercial Discount Co. v. Midwest Chevrolet Co., Okl., 301 P.2d 356, mentioned in Sisemore's brief herein, we held that, under section 176, supra, the successful cross-petitioning defendant in a replevin action involving an auto was entitled to recover an attorney's fee to be taxed as costs in the case; but said defendant in that case was not merely the "principal" defendant—it was the only one. Nor is our opinion in Security State Bank of Comanche, Okl. v. W. R. Johnston & Co., 204 Okl. 160, 228 P.2d 169, in any way applicable to the present case, for it involved damages for a tort, or "wrongful act."

After thoroughly considering all of the arguments presented by plaintiffs, we are of the opinion and hold that the general rule discussed herein is applicable to the present case; and that the trial court, in accord therewith, committed no error in refusing them recovery, in addition to the attorney's fees awarded them as part of their principal judgment on the note and mortgage, of additional attorney's fees because of Sisemore's and Bond's forceful prosecution of their lien claims. Said court's ruling and judgment is therefore affirmed.