**COMMERCIAL DISCOUNT COMPANY,**
Plaintiff in Error,

v.

**Carl NAVEL d/b/a Superior Auto Rebuilders, Defendant in Error.**

No. 40105.

Supreme Court of Oklahoma.

Sept. 24, 1963.

W. S. Myers, Tulsa, for plaintiff in error.

Frank R. Hickman, Tulsa, for defendant in error.

PER CURIAM.

The parties here will be referred to as they appeared below or by name.

Plaintiff finance company brought a replevin action against defendant on November 8, 1961, to recover possession of a certain 1954 Plymouth Tudor Sedan automobile or its value, $79.88, and $150.00 attorney fee. On the same day a writ of replevin was issued and served on defendant Carl Navel by the sheriff who took possession of the car, and after holding it 24 hours delivered it to the plaintiff. Carl Navel was not the owner of the car but had possession and was holding it to enforce his lien for services and storage.

On November 28, 1961, defendant, by special appearance, filed a motion to quash summons. The motion to quash was confessed December 7, 1961, and an alias summons was issued December 12, 1961. December 27, 1961, defendant, by special appearance, filed motion to quash alias summons and further averred in said motion that the bond as posted with the clerk was invalid and could not be used as a basis for the issuance of the writ of replevin. January 11, 1962, the motion to quash alias summons was overruled and on January 24, 1962, defendant filed a disclaimer.

On March 12, 1962, the trial court rendered judgment in favor of plaintiff for possession of the car and for costs, but disallowed the attorney fee claimed by plaintiff for the reason "that as a matter of law the plaintiff is not entitled to judgment against the defendant for an attorney's fee in this action because the defendant filed herein a disclaimer * * *."

From the court's order and judgment, plaintiff gave notice and lodged this appeal. Defendant avers that this Court is without jurisdiction for the reason that

plaintiff did not file a motion for new trial. To this we do not agree.

The trial court's refusal to allow an attorney's fee presents here for review an alleged error of law appearing on the face of the judgment roll. The issue tendered is simply that of determining whether an attorney's fee was legally taxable herein as costs under the authority of some statute. See Rogers County Bank v. Cullison, 186 Okl. 373, 98 P.2d 612, Syllabus 2. A motion for new trial is neither necessary nor authorized to submit for review an error of law appearing on the face of the record proper and such error may be presented either by transcript or casemade. See Kellogg v. School District No. 10 of Comanche County, 13 Okl. 285, 74 P. 110.

We hold that this error, advanced on this appeal, was properly presented for review without a motion for new trial.

For reversal, plaintiff calls to our attention 42 O.S.1961 § 176, which provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action",

and cites and relies on the case of Rogers County Bank v. Cullison, supra, wherein we held in Syllabus 3 that "A replevin action by the chattel mortgagee to recover possession of the mortgaged property is a proper preliminary step in the process of foreclosure of the mortgage lien by means of advertisement and sale in the manner authorized by section 11273, O.S.1931, 46 Okl. St.Ann., § 53, and the successful party is entitled to recover a reasonable attorney's fee to be fixed by the court and taxed as costs in the action (sec. 11021, O.S.1931, 42 Okl.St.Ann., § 176; sec. 10940, O.S.1931, 42 Okl.St.Ann., § 5)."

We have examined each of the pleadings filed by defendant and find that they state that defendant is "appearing specially and for the purpose of this motion only * *."

The record here is that plaintiff had a prior mortgage lien on the car; that the lien of the defendant was a junior lien; that defendant had possession of the car and was holding it in order to protect his lien; that defendant made several special appearances attacking the service of summons and jurisdiction of the court to issue the writ; and that defendant did not seek relief affirmatively nor invoke the jurisdiction of the trial court.

To our minds, the facts in the Rogers County Bank case, supra, are not applicable to the facts in the instant case for the reason that defendant made no general appearance but disclaimed any interest in the property.

We hold that in an action under 42 O.S.1961 § 176, to recover possession of a car and to foreclose a chattel mortgage which is a prior lien, from a person who has possession of the car, but is not the owner, holding it to protect his lien for services and storage of the car, plaintiff is not entitled to an attorney fee in said action from the person in possession who would not voluntarily give up possession of the car, and who, after the replevin action is filed, makes special appearances by motions attacking the service of summons and jurisdiction of the court but does not ask for affirmative relief, and after said motions are denied files a disclaimer and does not litigate plaintiff's right to possession of the car. 12 O.S.1961 § 926. See Henry v. Harris et al., 206 Okl. 357, 243 P.2d 663, and Continental & Commercial Trust & Savings Bank v. Continental Supply Co. (8th Cir.), 32 F.2d 740.

Judgment is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS and BERRY, JJ., concur.

WELCH, JACKSON and IRWIN, JJ., dissent.

The Court acknowledges the aid of the Supernumerary Judge, N. S. CORN, in the

preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.