**Moss TRAVIS, Plaintiff,**

v.

**DEL STATE BANK, and Oklahoma Banking Corporation, et al., Defendants.**

**No. Civ–75–0613–D.**

United States District Court, W. D. Oklahoma.

Sept. 13, 1976.

---

2. No official English translation yet available.

John M. Cogswell, Denver, Colo., Collier H. Pate, Oklahoma City, Okl., for plaintiff.

Robert W. Amis, Oklahoma City, Okl., Willis Carpenter, Denver, Colo., for Del State Bank.

Robert H. Anderson, Oklahoma City, Okl., for Spragues.

## MEMORANDUM OF OPINION ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES TO BE TAXED AS COSTS AND MOTION TO REVIEW TAXING OF COSTS BY CLERK

DAUGHERTY, District Judge.

The plaintiff has applied to the Court for attorney's fees to be taxed as costs against the defendant Del State Bank. This action was commenced by plaintiff, pledgee in possession of 810 shares of stock of the Del State Bank registered in the name of David Sprague, for an adjudication that he was the owner of said shares of stock and entitled to have the stock transferred upon the books of the defendant Del State Bank. The defendants Sprague, having previously been declared bankrupt, the trustee filed a Disclaimer. The defendant Del State Bank asserted that it was entitled to complete ownership and possession of the shares by virtue of a statutory lien under 6 O.S. § 706. On July 27, 1976, the Court determined that the lien of the plaintiff was superior to the lien asserted by the defendant Bank and entered judgment directing the Bank to cause said stock to be transferred upon its books into the name of the plaintiff and awarding costs to the plaintiff as the prevailing party.

42 Oklahoma Statutes § 176 provides:

"In an action brought to enforce any lien, the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

In an action to foreclose a lien on stock given as collateral to secure a note· this

section authorizes the Court to award to the successful party an attorney's fee to be taxed as costs. *Holland Banking Co. v. Dicks,* 67 Okl. 228, 170 P. 253 (1917). The defendant Bank resists the imposition of an attorney fee on the ground that it was merely an incidental defendant and that attorney fees may not be allowed against other encumbrancers but only against the principal debtor and against the particular res which is the subject matter of the litigation. Principal reliance is placed upon *Voelkle v. Sisemore,* 338 P.2d 1080 (Okl. 1959). In this case, involving a judgment against a principal debtor and cross-petitioning lien claimants, as to the matter of attorney fees the Court held in its Syllabus:

> "In an action on a promissory note and to foreclose a real estate mortgage, ordinarily plaintiffs are not entitled to recover judgment for attorney fees against cross-petitioning defendants, in addition to fees allowed as part of their judgment on the note and mortgage."

Prior to its decision in *Voelkle v. Sisemore, supra,* the Oklahoma Supreme Court had held that in an action between two competing lien claimants the party for whom judgment was rendered was entitled to recover a reasonable attorney fee to be fixed by the Court and taxed as costs in the case. *Commercial Discount Co. v. Midwest Chevrolet Co.,* 301 P.2d 356 (Okl.1956). The Court in *Voelkle v. Sisemore, supra,* distinguished this earlier case as follows:

> "We are aware also that in *Commercial Discount Co. v. Midwest Chevrolet Co.,* Okl., 301 P.2d 356, mentioned in Sisemore's brief herein, we held that, under section 176, supra, the successful cross-petitioning defendant in a replevin action involving an auto was entitled to recover an attorney's fee to be taxed as costs in the case; but said defendant in that case was not merely the 'principal' defendant—it was the only one."

Our case cannot be distinguished from *Commercial Discount Co. v. Midwest Chevrolet Co., supra,* for as admitted in the defendant Bank's brief:

> "Of course, we were the only defendant in this case."

■ In *Ivey v. Henry's Diesel Service, Inc.,* 418 P.2d 634, 636 (Okl.1966), a replevin action between a chattel mortgagee and a garageman's lien claimant, *Voelkle* was explained and an argument similar to the defendant Bank's was rejected:

> "In the first assigned error to be discussed the plaintiff's argument is based entirely on *Voelkle v. Sisemore,* Okl., 338 P.2d 1080 (1959) and its alleged interpretation of the pertinent Oklahoma statute, Title 42 O.S.1961, § 176. His argument seems to be that the defendant was not entitled to recover an attorney's fee since he was not the primary debtor on the note but merely a claimant under a garageman's lien. Such an argument finds no support in *Voelkle v. Sisemore, supra,* or in Title 42 O.S.1961, § 176, which reads:

> > 'In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.'

> Clearly, the statute applies to any action brought to enforce any lien, not just to an action against the primary debtor on a note.

■ While this Court in *Voelkle v. Sisemore, supra,* did not allow the plaintiff the recovery of attorney's fee, this opinion concerned whether or not the plaintiff should be allowed to recover an attorney's fee against the incidental defendants after he had already been awarded an attorney's fee against the principal defendant. *This Court recognized in that opinion that Title 42 O.S. 1961, § 176, was intended to allow recovery of attorney's fee by the successful principal party against the other principal party.* In *Commercial Discount Co. v. Midwest Chevrolet Co.,* Okl., 301 P.2d 356 (1956) we held:

> > 'In a replevin action where plaintiff and defendant each affirmatively assert a first lien on the property and

claim right of possession, the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action.'

Accordingly, the plaintiff's contention must be rejected, and we conclude that in this action the successful party is entitled to recover a reasonable attorney's fee, to be taxed as costs in the action." (Emphasis added.)

The rule to be discerned from these decisions is that if the lien claimants in the case are the principal parties who are in fact the real adversaries seeking a judicial hearing and determination of their conflicting claims the successful lien claimant is entitled to recover a reasonable attorney's fee to be taxed as costs in the action against the losing lien claimant. *General Electric Credit Corp., v. First National Bank of Broken Arrow,* 475 P.2d 137 (Okl.1970).

In the instant proceeding there can be no question as to the principal parties. They were the plaintiff and the defendant Bank. Each relied upon and sought to enforce their respective liens against the other. The sole issue was which lien was superior. The enforcement sought by either party was sufficient to invoke the application of the statute. However, if the cause at its inception by the plaintiff be not regarded as of that character it became one when the Bank asserted that it had a valid lien upon the stock and was entitled to possession thereof free and clear of any claim of the plaintiff. *Orr v. Mallon,* 190 Okl. 598, 126 P.2d 83 (1942). See also *Moral Insurance Co. v. Cooksey,* 285 P.2d 223 (Okl. 1955).

The Bank suggests that, in any event, as the plaintiff had not asked for attorney's fee prior to judgment he is now barred. To the contrary, Oklahoma law does not require that a request for attorney fees be made in the pleadings and it is proper for the court to tax the fee on motion. *Owen v. Miller,* 190 Okl. 205, 122 P.2d 140 (1942).

It is well established, however, that the court is without authority to allow at-torney's fees without a hearing to consider evidence of value of the attorney's services. See *Tipton v. Standard Installment Finance Co.,* 418 P.2d 309 (Okl.1966); *Briggs v. McAdams Pipe & Supply Co.,* 359 P.2d 572 (Okl.1961); *Holmes v. S. H. Kress & Co.,* 100 Okl. 131, 223 P. 615 (1924).

Accordingly, unless the parties shall confer and agree on a reasonable attorneys fee and report such action to the Court within ten (10) days from the date hereof, the Court will conduct a hearing to receive evidence of the value of the services by Plaintiff's attorney and thereafter will award a reasonable attorney's fee to the plaintiff to be taxed as costs.