2013 OK CIV APP 38

HSRE–PEP I, LLC, a Delaware limited liability company, substituted as Plaintiff for First United Bank and Trust Co., an Oklahoma banking association, Plaintiff/Appellant,

v.

HSRE–PEP CRIMSON PARK LLC, a Delaware limited liability company, substitute as Defendant for First United Property Holding Company, LLC, Series B, a series of First United Property Holding, LLC, an Oklahoma limited liability company; Benefit Bank, Frisco Branch;

Airtime Inc., an Oklahoma corporation; Mitchell Gee, an individual; Saundra Deselms, Treasurer for Cleveland County, Oklahoma; and the Board of County Commissioners of Cleveland County, Oklahoma, Defendants,

and

Benefit Bank, Plaintiff/Appellee,

v.

Aduddell Development Group, LLC; ODG–OU, LLC; First United Bank & Trust Co.; First United Property Holding Company, LLC, Series B, a series of First United Property Holding Company, LLC; Mitchell Gee d/b/a Airtime, Inc.; Gary D. Brooks; Kenny W. Thomas; David W. Aduddell; and J. Glenn Rankin, Defendants.

Nos. 110,288, 109,777.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 8, 2013.

Certiorari Denied April 15, 2013.

---

Rob F. Robertson, John M. Krattiger, Gable Gotwals, Oklahoma City, Oklahoma, for Plaintiff/Appellant HSRE–PEP I, LLC,

Lyle R. Nelson, Nicholas A. Johnson, Elias, Books, Brown & Nelson, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee Benefit Bank.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiff/Appellant HSRE–PEP I, LLC (HSRE) appeals the trial court's order denying its application for attorney fees and costs based on 42 O.S.2011 § 176. After *de novo* review, we hold that HSRE is not entitled to an award of attorney fees against Defendant/Appellee Benefit Bank, because Benefit Bank is an incidental defendant, not the principal defendant. The trial court's order is AFFIRMED.

¶ 2 This appeal arises from two commercial mortgage foreclosure actions involving an apartment complex in Norman, Oklahoma.[1] Two mortgagees, HSRE and Benefit Bank, sought judicial determination that their respective mortgage liens were prior and superior to all other liens against the apartment complex. The trial court determined HSRE's mortgage lien had first priority and granted summary judgment in favor of HSRE. Benefit Bank appealed the trial court's order granting summary judgment in favor of HSRE (No. 109,777). Meanwhile, HSRE filed an application to recover attorney fees and costs from Benefit Bank. The trial court denied the application for attorney fees and costs, and HSRE appeals. HSRE argues it is entitled to an award of attorney fees and costs under 42 O.S. § 176. In No. 109,777, this Court affirmed the trial court's order finding HSRE's mortgage lien had first priority and granting summary judgment in favor of HSRE.

1. Case No. CJ–2010–1220 and Case No. CJ– 2010–1221 were consolidated by the trial court.

¶ 3 The issue on appeal is whether HSRE is entitled to recover attorney fees and costs from Benefit Bank under 42 O.S. § 176. Title 42, § 176 provides that "[i]n an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action." Oklahoma follows the American Rule as to the recovery of attorney fees. The Rule is generally that each litigant pays for their own legal representation, and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery. *State ex rel. Tal v. City of Okla. City,* 2002 OK 97, ¶ 16, 61 P.3d 234, 243. Whether HSRE is entitled to an award of attorney fees is a question of law subject to *de novo* review. *Finnell v. Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339, 342. The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rulings. *Id.*

¶ 4 HSRE argues the trial court erroneously interpreted 42 O.S. § 176 to mean that a mortgagee can only recover its fees and costs from the borrower in a foreclosure action. HSRE relies on *Ivey v. Henry's Diesel Serv., Inc.,* 1966 OK 170, 418 P.2d 634, for the proposition that § 176 allows prevailing parties to recover fees and costs from the principal adverse party, even when that party is a competing lienholder and not the borrower. HSRE contends that Benefit Bank was its principal adverse party because it was the only contesting party in the foreclosure action. HSRE argues that Benefit Bank's opposition to a non-judicial foreclosure settlement between First United [2] and mortgagor ODG–OU caused HSRE to file the foreclosure action and incur attorney fees and costs.

¶ 5 Benefit Bank argues that the mortgagor is always the principal adverse party in a foreclosure action, and clearing junior liens is simply a part of any foreclosure. Benefit Bank explains that competing liens are the result of the borrower's actions and, there-fore, the borrower is ultimately responsible for attorney fees and costs associated with clearing title in the event of a foreclosure. Benefit Bank relies on *Voelkle v. Sisemore,* 1959 OK 51, 338 P.2d 1080, and *Fourth National Bank of Tulsa v. Appleby,* 1993 OK 153, 864 P.2d 827.

¶ 6 In *Voelkle,* the plaintiffs/mortgagees filed a foreclosure action against the principal defendant/mortgagor. *See* 1959 OK 51, 338 P.2d at 1081. The plaintiffs/mortgagees also named incidental defendants who claimed some right, title or interest in the mortgaged property. *Id.* Two incidental defendants filed answers and cross-petitions asserting lien claims against the property and "praying that their claimed liens be adjudged paramount to all others, including the mortgage lien of the plaintiffs." *Id.* The trial court determined the plaintiffs/mortgagees' lien had first priority and the incidental defendants' liens had lesser priority. *Id.* Judgment was entered against the mortgagor, which included an award of attorney fees. *Id.* In addition to the attorney fees recovered from the principal defendant/mortgagor, plaintiffs/mortgagees filed an application for attorney fees against the two incidental defendants based on 42 O.S.1951 § 176. *Id.* at 1081–82. The application for attorney fees against the incidental defendants was denied, and the plaintiffs/mortgagees appealed.

¶ 7 The issue on appeal in *Voelkle* was whether "[i]ncidental defendants in mortgage foreclosure who do more than defend their lien, but affirmatively seek by cross-petition and evidence to establish their lien against the plaintiff's interest in the land have subjected themselves to attorney's fees assessed as costs if unsuccessful as against such plaintiffs on such issue." *Id.* at 1082. The Supreme Court of Oklahoma set forth the general rule that attorney fees are not allowed against incidental defendants:

Statutes of this character are primarily intended to reimburse the principal parties to the cause, when forced to resort to the courts to enforce or defend their rights. In foreclosure cases, it is common knowl-

**2.** The trial court substituted Plaintiff HSRE for First United Bank & Trust Co. November 3, 2010.

edge that there are usually numerous defendants, brought in with the principal one, in order to clear the title of outstanding equities, liens, and claims. However, we think the practice observed by the courts generally, if not universally, is to allow attorney's fees under such statutes *against the principal defendant debtor, and against the particular res, the subject of the litigation, and not against other incidental defendants*, brought in for the purposes above suggested. *We do not think the fact that some of these incidental defendants may resist in good faith should, in the absence of some clear statutory provision, change the general rule.* The plaintiff's purpose in coming into court was to foreclose its mortgage and convert its lien or conditional estate into an absolute estate. The clearing off of junior liens, claims, and equities is a part of its task, and under the statute in question plaintiff is allowed a reasonable attorney's fee, we think, against the principal defendant and the res, *whether that defendant defends or defaults, and we do not understand such reasonable fee to be measured alone by the services necessary to bringing the suit and the prosecution of the matter against the principal defendant.*

*Id.* (quoting *Continental & Commercial Trust & Savings Bank v. Continental Supply Co.*, 32 F.2d 740, 742 (8th Cir.1929)) (emphasis original to *Voelkle* ). The Supreme Court rejected the plaintiffs/mortgagees' argument "that [the competing lienholders] cannot be considered 'incidental defendants' within the general rule, because of the force and means they used in establishing and enforcing their claimed liens." *Id.*

▆▆▆▆ ¶ 8 HSRE has raised the same issue and is essentially making the same argument as the plaintiffs/mortgagees in *Voelkle*. The only distinguishable fact between this case and *Voelkle* is that the plaintiffs/mortgagees in *Voelkle* had previously obtained a

judgment against the principal defendant/mortgagor that included an award of attorney fees. This fact does not alter our analysis. The general rule that the mortgagee is not entitled to an award of attorney fees against incidental defendants is not dependent on the mortgagee having previously recovered attorney fees from the principal defendant/mortgagor. HSRE may have had a contractual or statutory right to an award of attorney fees from the principal defendant/mortgagor Crimson Park.[3] Attorney fees awarded to the mortgagee and against the mortgagor in the principal action should include a fee for the time and effort expended in clearing junior liens. HSRE elected not to pursue an award of attorney fees against mortgagor Crimson Park.

¶ 9 The Supreme Court reiterated the *Voelkle* holding in *Fourth National Bank of Tulsa v. Appleby*, 1993 OK 153, 864 P.2d 827. In *Appleby*, the plaintiff/mortgagee filed a foreclosure action against the principal defendant/mortgagor, named an incidental defendant with mechanic's and materialman's liens against the property, and alleged its mortgage lien was superior to the liens of the incidental defendant. *Id.* at 829–830. The incidental defendant filed a counterclaim against the plaintiff/mortgagee and asserted its mechanic's and materialman's liens had priority over plaintiff's mortgage lien. *Id.* at 830. The Supreme Court determined that the plaintiff/mortgagee's mortgage lien had priority over the mechanic's and materialman's liens of the incidental defendant. *Id.* at 834. The Court also held that the plaintiff/mortgagee, as prevailing party on the incidental defendant's counterclaim, was not entitled to a fee against the incidental defendant under *42 O.S. § 176*. *Id.* at 834–835 (citing *Voelkle*, 1959 OK 51, 338 P.2d 1080 ).[4] The Court held:

> [In *Voelkle* ], as here, the mortgagee prevailed against a lien claimant who had filed a counterclaim in which he asserted that

---

3. The trial court substituted Defendant HSRE–PEP Crimson Park LLC for ODG–OU November 3, 2010.

4. The *Appleby* court noted that "[t]here is, of course, no question about [plaintiff/mortgagee's] right to an attorney's fee against [principal defen-

dant/mortgagor] under its notes and mortgages." 1993 OK 153, 864 P.2d at 834. However, the plaintiff/mortgagee was not entitled to an additional fee against the incidental defendant. *See id.*

his lien was superior to the mortgagee's mortgage. *We held that the mortgagee was not entitled to an attorney's fee against the other lien claimant besides the fee to which he was entitled from the principal defendant as part of his judgment on the note and mortgage.* We based our holding on the fact that the primary subject of a foreclosure action is against the mortgagor and the property securing the debt, and that clearing junior liens is a part of the task of foreclosure. *A lien claimant in a mortgage foreclosure action is an "incidental defendant," although he files a counterclaim.* The attorney's fee awarded the mortgagee in the principal action, therefore, should include a fee for the time and effort expended in clearing junior liens.

*Id.* at 835 (emphasis added).

¶ 10 Benefit Bank is a lien claimant. According to *Appleby,* a lien claimant in a mortgage foreclosure action is an incidental defendant even if it claims that its lien is prior and superior to all other liens. The primary subject of the foreclosure was against mortgagor Crimson Park and the property securing the debt. Clearing junior liens, including Benefit Bank's mortgage, was part of the task of foreclosure. Based on the Supreme Court's decisions in *Voelkle* and *Appleby,* we hold that HSRE is not entitled to an award of attorney fees against Benefit Bank based on 42 O.S. § 176 and affirm the order of the trial court. *But cf. Ivey v. Henry's Diesel Serv. Inc.,* 1966 OK 170, 418 P.2d 634 (rejecting *Voelkle* and relying on *Commercial Discount Co. v. Midwest Chevrolet Co.,* 1956 OK 172, 301 P.2d 356, in which the lien claimant was the principal and only defendant). We also affirm the trial court's order with respect to the denial of costs.

¶ 11 Additionally, Benefit Bank argues HSRE's appeal is frivolous and seeks appeal-related attorney fees. Benefit Bank's request for appeal-related attorney fees is denied.

¶ 12 AFFIRMED.

JOPLIN, C.J., and BELL, J., concur.