**CITY OF HEALDTON, a Municipal Corporation, Plaintiff in Error,**

v.

**B. R. BEALL et al., Defendants in Error.**

**No. 38381.**

Supreme Court of Oklahoma.

April 28, 1959.

Rehearing Denied June 30, 1959.

Earl E. LeVally, City Atty., Healdton, for plaintiff in error.

Wilson Wallace, Ardmore, for defendants in error.

John M. Luttrell, Norman, for Oklahoma Ass'n of Municipal Attorneys, amicus curiae.

HALLEY, Justice.

This action was commenced on October 11, 1957, in the District Court of Carter County, by a number of resident citizens and taxpayers of the City of Healdton, Oklahoma, against the City of Healdton.

Plaintiffs alleged in their petition that the City was threatening to install parking meters along the sidewalks in the downtown area of Healdton; that there was no necessity for parking meters for police protection or the regulation and control of traffic; that defendant is threatening to install meters for the purpose of "revenue raising only,"; that such installation would

be illegal; that the meters would not produce sufficient revenue to pay their way and are not needed for controlling traffic; that unless restrained, plaintiffs, as owners and operators of business will suffer irreparable damage and injury; that plaintiffs have no adequate remedy at law. They prayed for a temporary restraining order prohibiting the City from installing parking meters or operating them. This petition was verified by four of plaintiffs.

The City of Healdton moved to vacate the temporary restraining order and demurred to plaintiffs' petition, which was overruled, and an answer was filed, setting out that parking meters had been installed in the City of Healdton in 1949, but part of them temporarily removed for the widening of Main Street. The City further answered that the acts complained of by the plaintiffs were a reasonable exercise of the police powers of the City and not subject to judicial review; that the question was moot; that the fee charged by the City is reasonable and only sufficient to cover cost of traffic control and regulation; that no rights of the plaintiffs were being invaded, and that they had an adequate remedy at law.

Defendant further alleged that the present issues are res judicata having been tried before the same court in Hall et al. v. City of Healdton, as Case No. 30,994, and decided in favor of defendants; that the facts alleged by plaintiffs are not sufficient to state a cause of action against the defendant, and prays for judgment for damages, costs and an attorney fee, and for an injunction against plaintiffs barring them from further interference with defendant's regulation of the traffic within its corporate limits and operation of parking meters in such regulation.

After trial and argument on March 21, 1958, the court made findings of fact and conclusions of law, and entered judgment enjoining the City from installing or operating parking meters and the City of Healdton has appealed. The parties will be referred to as they appeared in the trial court. The plaintiff in error will be referred to as defendant or "the City", and B. R. Beall and others as plaintiff.

The only finding of fact by the trial court was as follows:

"There has not been and is not at this time congestion of traffic or sufficient traffic on the business streets of the City of Healdton, Oklahoma, to require regulation of traffic by the use of parking meters."

The trial court concluded as to the law:

"(1) That the court has jurisdiction to hear this cause.

"(2) That a permanent injunction should be entered, enjoining the defendant, City of Healdton, Oklahoma, its officers, agents, servants and employees, and any person, firm or corporation, acting by, through, or under the defendant, City of Healdton, Oklahoma, from installing or operating machine or other mechanical devices in relation to the use of parking spaces on the streets of the City of Healdton, Oklahoma."

The City of Healdton submits as its first proposition in this appeal the following:

"That the trial court erred in failing to vacate the temporary order entered herein, and erred in refusing to sustain defendant's demurrer to plaintiffs' petition, and erred in granting the temporary injunction herein, and erred in admitting testimony herein."

In support of the above contention it cites Sections 642, 657, 660 and 672, 11 O.S.1951. Section 642 provides in part that the mayor and city council "shall have the care, management and control of the city and its finances, and shall have power to enact, ordain, alter, modify or repeal any and all ordinances not repugnant to the laws of the United States and the Constitution and laws of this State, as they shall deem expedient and for the good government of the city * * *".

Section 657 provides that the council shall have control of the use of its streets and sidewalks, and Section 660 gives to the council even fuller control of its streets,

sidewalks and alleys, and Section 672 provides that the council shall have power to enact all necessary ordinances, rules and regulations as may be expedient for maintaining the peace and welfare of the city, its trade and commerce.

The City of Healdton was restrained from doing any act toward the installation of parking meters on its Main Street, and from operating any parking meters already installed. No bond of any character was required or given when this temporary restraining order was issued. The City moved that this temporary order be vacated. We see no necessity of discussing the bond question since we are deciding this case on another ground.

In Walbridge-Aldinger Co. v. City of Tulsa, 107 Okl. 259, 233 P. 171, this Court said, that " * * * a temporary restraining order has for its object the maintenance of the status quo until the court shall determine whether an injunction shall issue." Under the temporary restraining order issued the City of Healdton was "restrained and enjoined from doing any act whatsoever toward the installation of parking meters on Main Street * * * and from operating any parking meters now installed, and from doing anything or act of any kind or character toward the end of installation and operation of parking meters * * *" in the City of Healdton.

The Journal Entry of Judgment used the term "permanently restrained and enjoined" from installing parking meters in the City of Healdton.

There is no question but that the Sections of 11 O.S.1951, above cited, give to the city council the authority to control its streets and traffic thereon. It is said in In re Seltenreich, 95 Okl.Cr. 250, 244 P.2d 587, 594, that:

" * * * The city is vested with authority under the statutes hereinabove quoted to determine what is the best available method to relieve traffic congestion and the courts may not be substituted as administrators of municipal affairs in that respect unless it can be clearly shown that the action taken by the municipal authorities was unreasonable or arbitrary and bore no reasonable basis to the object sought to be attained or was clearly in contravention of the statutes or constitution."

It will be noted that plaintiffs do not allege in their petition that the parking meter ordinance is unconstitutional or void, nor that it is arbitrary or unreasonable.

In Hirsh v. Oklahoma City, 94 Okl.Cr. 249, 234 P.2d 925, 926, the Court said in regard to the power of Oklahoma City to adopt an ordinance relative to parking upon its streets, as follows:

"A city through the exercise of its police power may regulate the traffic on streets and alleys within the city.

"City council of Oklahoma City had the right to regulate the use of the streets by ordinances, so as to prevent, as far as possible, the loss and inconvenience arising from traffic congestion. It was for the council to determine what means should be adopted to remove the causes of traffic hazards, and its determination of such means cannot be disturbed, unless the means adopted are unreasonable. It is the province of the city council under its police power to decide in what streets or parts of streets, during what hours, and for what length of time, limitation of the right to park or allow a vehicle to remain standing on the street is necessary to a proper regulation of traffic, and the courts should not interfere so as to set aside an ordinance making such regulations unless it is clearly unreasonable."

The only finding that the trial court made was to the effect that there was not a sufficient congestion of traffic or sufficient traffic on the business streets of Healdton to require regulation of traffic by the use of parking meters.

In McQuillin on Municipal Corporations (3rd Edition) Section 24.608, it is said in part:

"* * * The fundamental rule that a court is not concerned with the wisdom or expediency of an ordinance is applicable with respect to an ordinance bearing upon traffic or vehicles, such as a parking meter ordinance. Moreover, one assailing a classification in municipal legislation of this character as arbitrary and discriminatory has the burden of proof on that issue. * * *"

Since the trial court did not find that the ordinance enacted in 1949 by the City of Healdton violated any constitutional or statutory law, nor that it was arbitrary or unreasonable, but simply based his opinion on the finding that parking meters were not necessary in order to control traffic, it is clear that the court was substituting his own opinion, as to the best means of traffic control in Healdton, for that of the city council of the City. This was an error and the court should have sustained the demurrer of the City to plaintiffs' petition for this reason.

The plaintiffs contend that the court is without jurisdiction in this matter because the 1949 municipal ordinance sought to be enforced by the defendant was not set out, pleaded or proved in the trial of this case and is not in the record. Defendant points out that in 1949, Case No. 30,994 was filed in the same court by Henry Hall against the City of Healdton, being an effort to enjoin the City from installing and operating parking meters. The petition in that case alleges that on June 6, 1949, Ordinance No. 74 was passed by the City Council of the City of Healdton, providing for the installation of parking meters on certain streets of that City, said ordinance being published June 9, 1949.

Defendant offered in evidence the record in Case No. 30,994, and the sole objection to its introduction by plaintiffs was that it was incompetent, irrelevant and immaterial. Our attention is called to Section 424, 12 O.S.1951, which provides that general objections are sufficient unless the court requires the objection to be more specific. However, in Skinner v. Bowlan, 181 Okl. 544, 75 P.2d 181, it is stated in the second paragraph of the syllabus as follows:

"Section 291, O.S.1931, 12 Okl.St. Ann. § 424 providing that 'where any party desires to object to any question put to a witness * * the ordinary objections of incompetency, irrelevancy or immateriality shall be deemed to cover all matters ordinarily embraced within such objections,' etc., does not apply to objections made to the introduction of documents."

Again, the undisputed evidence shows that parking meters have been in continued use in Healdton since the adoption of Ordinance 74 until the summer of 1957, when those on Main Street were removed to enable the City to widen that street, but the removed meters were stored to be installed again when the street widening was completed.

The present mayor of Healdton, Harrison Bray, testified that he was on the city council in 1949 when the parking meter ordinance was passed and that the council then considered the amount of the fee to be charged, which was five cents per hour. Jess Summers, a councilman and Norma Hurt, city clerk, testified that they held their present positions when the parking meter ordinance was passed, and that parking meters were in continuous operation from 1949 until the present action was filed and a restraining order issued. The plaintiffs made no objection to this evidence, which shows that they assumed and conceded the existence of the ordinance authorizing the installation of parking meters.

We have examined all of the evidence and find that the findings and judgment of the trial court is against the clear weight of the evidence. No witness testified that he had suffered - or was about to suffer, irreparable damage or wrong by reason of the parking meter ordinance by the City of Healdton.

The judgment of the trial court is an attempt by the court to substitute its judgment as to the necessity for traffic regulation on the streets of Healdton for the judgment of the constituted authority of the City.

This the courts cannot do under the authorities above cited, in the complete absence of evidence that the acts of the City are arbitrary, unreasonable, fraudulent or oppressive, or contrary to constitutional or statutory provisions. No such showing was made. The judgment is reversed and remanded with directions to vacate the injunction entered by the trial court and enter judgment for the defendant.