CITIES AND TOWNS
A city or town may not erect stop signs on residential streets where there is not an intersection nor may they enact a specific ordinance for that purpose. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. May a city or town utilizing its inherent police power to protect its citizens, erect stop signs on a street where there is not an intersection? "2. If the answer to question 1 is in the negative, then can a city or town erect such a stop sign after the enactment of a specific ordinance for that purposes" The Oklahoma Highway Safety Code became effective September 1, 1961 and is incorporated in Title 47 of the Oklahoma Statutes. The provisions of Chapter eleven (11) refer to the rules of the road and Article VII explains the special stops required by law. 11 O.S. 703 [11-703] (1971) states, in part, as follows: "Stop signs and yield signs "(a) Preferential right of way at an intersection may be indicated by stop signs or yield signs as authorized in section 15-108 of this act. "(b) Every stop sign and every yield sign shall be erected as near as practicable to the nearest line of the cross walk on the near side of the intersection or, if there is no cross walk, then as near as practicable to the nearest line of the intersecting roadway, however such yield signs shall not be erected upon the approaches of but one of the intersecting streets. "(d) Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side of the intersection or, in the event there is no cross walk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection." Emphasis added 47 O.S. 15-108 [47-15-108] (1971), referred to in the above statute, states as follows: "The Department of Highways with reference to state and federal highways and local authorities with reference to other highways under their jurisdiction may designate through highways and erect stop or yield signs at specified entrances thereto, or may designate any intersection as a stop intersection or as a yield intersection and erect stop signs or yield signs at one or more entrances to such intersection." In construing any statute, the primary role of construction is to ascertain and declare the intention of the Legislature. Midwest City v. Harris, Okl., 561 P.2d 1357 (1977). That intent is ascertained from an examination of the language of the act as a whole in light of its general purpose and object. Adams v. Fry, Okl., 230 P.2d 915 (1951). When you examine the language throughout Title 47, it is clear that the legislature intended that stop signs are to be erected at intersections. The general purpose of a stop sign is to make a car stop and look both ways before crossing an intersection. There is no indication that stop signs are to be used to control the speed of traffic as indicated in this request and there is no specific authorization to place stop signs at any point other than at an intersection. The purpose of placing a stop sign at an intersection has been discussed by the courts and in the case of Carpenter v. Snipes, 203 Okl. 534, 223 P.2d 761
(1950), the court stated: "Where stop sign on street is placed 125 feet from intersection, any reasonable prudent or reasonably intelligent person would readily see and understand that it was not intended that motor should stop at exact spot or place where sign was erected, but that it was intended as warning to stop at intersection." Chapter 15 of Title 47 describes the powers of local authorities to enact or enforce regulation regarding traffic control and 47 O.S. 15-102 [47-15-102] provides, in part, as follows: "(a) The provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of police power from: 6. Designating any highway as a through highway and requiring that all vehicles stop before entering or crossing the same or designating any intersection as a stop intersection or a yield intersection and requiring all vehicles to stop or yield at one or more entrances to such intersections." Again, there is no specific authorization for placing stop signs at locations other than intersections. Instead, the statutes continually refer to the use of stop signs at intersections. It is generally recognized that a city may enact or enforce any ordinance to control and regulate traffic unless it conflicts with Title 47 or where it can be shown that such regulation is unreasonable and bears no rational basis to the object sought to be obtained. 47 O.S. 15-101 [47-15-101] (1961) and City of Healdton v. Beall, Okl.,341 P.2d 583 (1959). Under the facts set out in this request it seems clear that the use of stop signs would be an unreasonable attempt to control the speed on residential blocks. The legislature has clearly defined the ways to control the speed on streets and highways and there is no mention of the use of stop signs for that purpose. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A city or town may not erect stop signs on residential streets where there is not an intersection nor may they enact a specific ordinance for that purpose. (Charles Helm)